UNITED STATES of America, Plaintiff–Appellee,

v.

Michael Robert SPEACH, Defendant–Appellant.

No. 90–50708.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 1991.

Decided March 20, 1992.

Withdrawn May 11, 1992.

Filed June 29, 1992.

Lupe Martinez, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Gary S. Lincenberg, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before: PREGERSON, CANBY, and RYMER, Circuit Judges.

CANBY, Circuit Judge:

Michael Robert Speach appeals his conviction on four counts of unlawful transport of hazardous waste, in violation of 42 U.S.C. § 6928(d)(1). We reverse.[1]

## BACKGROUND

Speach was the president of ENV, Inc., a company that operated vans equipped to treat waste effluent discharged from electroplating generators. The treatment process created a hazardous waste by-product, which ENV stored at its facility at Rancho Dominguez, California. ENV thereafter shipped this waste to Monarch Milling Company's site in Austin, Nevada. Both facilities lacked the storage permits required by the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901–6987.

A federal grand jury indicted Speach on eleven counts of unlawful storage of hazardous waste, in violation of 42 U.S.C. § 6928(d)(2)(A), and four counts of unlawful transportation of hazardous waste, in violation of 42 U.S.C. § 6928(d)(1). Following a jury trial, Speach was convicted on all counts. On appeal, he challenges only his convictions for unlawful transportation.

## DISCUSSION

A person violates 42 U.S.C. § 6928(d)(1) if he "knowingly transports or causes to be transported any hazardous waste identified or listed under this subchapter to a facility which does not have a permit." At trial, the district court instructed the jury that:

The government must prove that the defendant knowingly transported or caused others to transport RCRA-regulated hazardous wastes to Monarch Milling. The government is not required to prove that

defendant knew that Monarch Milling did not have a RCRA storage permit.

Speach contends that this instruction misconstrues the statute by relieving the government of its burden to prove knowledge of the recipient's lack of a permit. We review de novo the question whether a jury instruction correctly defines the elements of an offense. *United States v. Belgard*, 894 F.2d 1092, 1095 (9th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 164, 112 L.Ed.2d 129 (1990).

As the Supreme Court has noted, statutes such as section 6928(d)(1) are linguistically ambiguous: it is impossible to tell how far down the sentence the word "knowingly" applies. *Liparota v. United States*, 471 U.S. 419, 424 & n. 7, 105 S.Ct. 2084, 2087 & n. 7, 85 L.Ed.2d 434 (1985). In *Liparota*, the Court construed a statute criminalizing the improper use of food stamps. It concluded that in the absence of an indication of contrary legislative intent, the *mens rea* requirement of knowledge extended to each element of the offense. *Id.* at 425, 105 S.Ct. at 2088. Accordingly, one who "knowingly uses, transfers, acquires, alters, or possesses [food stamp] coupons ... in any manner not authorized by [the statute] or the regulations" must know that the statute or regulation was violated. *Id.* at 420, 424–25, 105 S.Ct. at 2085, 2087–88 (construing 7 U.S.C. § 2024(b)(1)).

In the absence of specific guidance from the RCRA's legislative history, we hold that section 6928(d)(1) similarly requires proof that the defendant knew the facility lacked a permit. Our interpretation is supported by the Eleventh Circuit's decision in *United States v. Hayes International Corp.*, 786 F.2d 1499 (11th Cir.1986). As *Hayes* points out, the precise wrong Congress intended to punish was transportation to an unlicensed facility. *Id.* at 1504. Removing the knowledge requirement would criminalize innocent conduct, such as that of a transporter who relied in good faith upon a recipient's fraudulent certificate. *Id.* If Congress had intended such a

1. An opinion was first issued in this case on March 20, 1992. By order of May 11, 1992, that opinion was withdrawn without the mandate having been issued. This opinion now follows.

strict statute, it could have dropped the knowledge requirement, *see, e.g., United States v. Freed*, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971), or explicitly limited it to knowledge that the offender is transporting hazardous waste.

The government nevertheless contends that our decision in *United States v. Hoflin*, 880 F.2d 1033 (9th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1143, 107 L.Ed.2d 1047 (1990), constrains us to read the statute as the district court did. In *Hoflin*, we held that the knowledge requirement in 42 U.S.C. § 6928(d)(2)(A) did not extend to permit status. *Id.* at 1037–39. If the rule of *Hoflin* is applied by analogy here, the word "knowingly" in section 6928(d)(1) would modify only "transports or causes to be transported any hazardous waste." The analogy to *Hoflin* is untenable, however, because the structure of the subsection applied in *Hoflin* differs markedly from that of 6928(d)(1).

Section 6928(d)(2), applied in *Hoflin*, holds criminally liable any person who

knowingly treats, stores, or disposes of any hazardous waste identified or listed under this subchapter—

(A) without a permit under this subchapter ...; or

(B) in knowing violation of any material condition or requirement of such permit; or

(C) in knowing violation of any material condition or requirement of any applicable interim status regulations or standards.

In this context, "knowingly" necessarily modifies only "treats, stores, or disposes"; otherwise, the express knowledge requirements in subsections (B) and (C) would be mere surplusage. Accordingly, "knowingly" does not apply to subsection (A), where a *mens rea* element is conspicuously absent. In light of these distinctions, our approach to this statute necessarily must differ from our analysis of section 6928(d)(1).

Moreover, the two provisions target different groups of defendants. Section 6928(d)(2)(A) imposes criminal liability on the person who knowingly treats, stores, or disposes of waste, when he or his facility lacks a permit, whether or not he knew that the permit was lacking. In *Hoflin*, for example, the defendant was a city employee who directed public works and had instructed someone in his department to bury paint drums at the city treatment plant. *Hoflin*, 880 F.2d at 1035–36. This defendant was in the best possible position to know that the facility lacked a permit, and it was not unreasonable to put such a defendant at risk for failing to ascertain accurately the permit status of the very facility with which he was connected.

In contrast, section 6928(d)(1) deals not with the violator's lack of a permit, but with the lack of a permit on the part of the person to whom the violator delivers hazardous waste. The statute accordingly does not limit liability to the person in the best position to know the facility's permit status. Instead, it requires transporters like Speach to ensure that other parties have storage permits. We decline to impose liability on these defendants absent proof that they knew the recipient's permit status. Accordingly, we reverse the district court's ruling and reverse Speach's convictions on the transportation counts.[2]

Like the *Hayes* court, we do not believe that this interpretation of section 6928(d)(1) saddles the government with an insurmountable burden of proof. "[I]n this regulatory context, a defendant acts knowingly if he willfully fails to determine the permit status of the facility." *Hayes*, 786 F.2d at 1504. The government may establish knowledge through circumstantial evidence, such as the defendant's failure to follow procedures specified by the regulations, the waste recipient's failure to assert permit status, the recipient's unduly low charges for disposal, or his unduly high payments for hazardous waste. *Id.* These standards will accomplish the RCRA's regulatory goals without withholding a de-

---

**2.** In light of this holding, we find it unnecessary to address Speach's arguments concerning ex-

cluded testimony.

fense from a transporter who is truly defrauded by a recipient.

REVERSED; CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

RYMER, Circuit Judge, dissenting:

While the majority's approach is tempting, I am constrained to dissent because of the analysis of a parallel clause we adopted in *United States v. Hoflin*, 880 F.2d 1033 (9th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1143, 107 L.Ed.2d 1047 (1990).

42 U.S.C. § 6928(d)(1) states that a person will be subject to criminal penalties if he "knowingly transports or causes to be transported any hazardous waste ... to a facility which does not have a permit."

In *Hoflin*, we addressed the scienter requirement in § 6928(d)(2)(A)–(B), which imposes criminal liability on any person who

knowingly treats, stores, or disposes of any hazardous waste identified or listed under this subchapter—

(A) without a permit under this subchapter ...; or

(B) in knowing violation of any material condition or requirement of such permit....

We held that knowledge of a lack of a permit is not an element of the offense under § 6928(d)(2)(A). *See Hoflin*, 880 F.2d at 1038–39. In reaching this result, we relied on the plain language of the statute itself, *see id.* at 1037–38, concluding that it is clear on its face that knowledge is not a requisite element under subsection (A), but that it is a requisite element under subsection (B). We declined to write a knowledge requirement into subsection (A) when Congress chose not to do so. *Id.*

We also rejected the argument that a knowledge requirement must be read into the statute so as to avoid criminalizing innocent conduct. *See id.* at 1037–38 (declining to follow *United States v. Johnson & Towers, Inc.*, 741 F.2d 662, 668 (3d Cir. 1984), *cert. denied*, 469 U.S. 1208, 105 S.Ct. 1171, 84 L.Ed.2d 321 (1985), which read a knowledge requirement into § 6928(d)(2)(A)). Yet that is the rationale

of the Eleventh Circuit in *United States v. Hayes International Corp.*, 786 F.2d 1499, 1503–05 (11th Cir.1986), upon which the majority relies for support in holding that § 6928(d)(1) requires proof that the defendant knew the facility lacked a permit. *Supra* at 796–97. Instead, reading the statute literally here, as in *Hoflin*, is consistent with the RCRA's purpose of protecting people and the environment from hazardous waste. *See Hoflin*, 880 F.2d at 1038–39.

The word "knowingly" is used in the same way in § 6928(d)(1) as in § 6928(d)(2)(A). "Knowingly" in § 6928(d)(2)(A) modifies "treats, stores, or disposes of any hazardous waste," but does not modify "without a permit." The language of § 6928(d)(1) is parallel to that of § 6928(d)(2)(A), and the word "knowingly" in § 6928(d)(1) only modifies "transports or causes to be transported any hazardous waste."

Because we are bound in this case to follow our own precedent in *Hoflin*, I would affirm.