141 F.3d 1181
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Richard W. HILL, Defendant-Appellant.
 No. 96-30340.
D.C. No. CR-94-00416-1-ALH.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted Mar. 4, 1998.
Decided Mar. 18, 1998.
 
 Appeal from the United States District Court for the District of Oregon Ancer L. Haggerty, District Judge, Presiding.
 Before FERNANDEZ, RYMER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard Wayne Hill appeals his jury conviction and sentence for two counts of transportation of hazardous waste to an unpermitted facility and one count of storage of hazardous waste without a permit (42 U.S.C. §§ 6928(d)(1) and (2)). We have jurisdiction, 28 U .S.C. § 1291, and affirm.
 
 
 3
 * Hill argues that there is insufficient evidence to establish that he had the requisite intent to be convicted under 42 U.S.C. § 6928(d)(1) because he believed that he would not need a permit under 40 C.F.R. § 263.12. We disagree. Even if the Tualatin facility is a transfer facility for purposes of § 263.12, Hill's belief that hazardous wastes would be stored for less than ten days is immaterial. Section 6928(d)(1) simply requires knowledge that the facility doesn't have a permit, and that hazardous waste is being transported and stored there. See United States v. Speach, 968 F.2d 795, 797 (9th Cir.1992). As Hill knew that his driver transported hazardous waste and that it was left at the facility without a permit, his conviction stands. For the same reasons, Hill's argument that he should have been acquitted on the two transportation counts fails.
 
 II
 
 4
 Nor did the district court improperly refuse to instruct on his theory of defense, as Hill contends. The court correctly instructed on 40 C.F.R. § 263.12 and was required to go no further, since Hill was not entitled to an instruction that focused on his state of mind when transportation of the hazardous waste began.
 
 III
 
 5
 Hill's sentence was likewise without reversible error.
 
 
 6
 Although he argues that his base offense level should not have been increased by four levels for transporting or storing hazardous waste without a permit under U.S.S.G. § 2Q1.2(b)(4) without a corresponding downward departure of two levels under Note 8, the decision whether to depart downward is discretionary and thus unreviewable. United States v. Morales, 898 F.2d 99, 101-03 (9th Cir.1990). The judge's comment about strict liability does not indicate that he felt that he lacked authority to depart under this commentary, as Hill suggests; to the extent that it has any bearing on the issue, the comment goes to the court's obligation to increase the offense level by 4 levels when the offense involved transportation or storage without a permit.
 
 
 7
 While more forceful, Hill's contention that he should have been awarded a two- or three-level reduction for acceptance of responsibility also fails because, despite his offer to plead guilty, he never acknowledged that he knowingly transported or stored hazardous waste without the requisite permit. Instead, his position throughout has been that he didn't plan to keep the waste in Tualatin for more than ten days. The district court did not, therefore, clearly err.
 
 
 8
 By the same token the district court's finding that Hill was the President of the company and supervised another participant who was criminally responsible for commission of the offense is not clearly erroneous. Taylor knew from the hazardous waste manifest that he was to deliver the materials to R & R in Texas, not to leave them in Tualatin. Henrich also qualifies as a criminally responsible participant since he falsely said that the trailer with hazardous waste had been dispatched for other pickups (when it was actually stored at Tualatin) and knew that the ten-day safe harbor had passed. Thus, increasing Hill's offense level for his role in the offense pursuant to U.S.S.G. § 3B1.1(c) and Notes 1 and 2 was not clearly erroneous.
 
 
 9
 Hill finally argues that the district court erred by failing to address his request for a downward departure under U.S.S.G. § 5K2.11 on the ground that the transported material posed little or no risk, there were no releases of pollutants into the environment, and Hill made efforts to remedy the circumstances on his own. While the court did not deny his request in so many words, it did so implicitly by adopting the PSR. In any event, nothing in the record indicates that the court's refusal to depart downward was on account of lack of authority to do so, see United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991) (per curiam); as it was therefore discretionary, we may not review it. Morales, 898 F.2d at 101-03.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3