**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lucio MORALES, Defendant–Appellant.**

**No. 89–10168.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 15, 1989.

Decided March 5, 1990.

Before ALDISERT,* TANG and SKOPIL, Circuit Judges.

SKOPIL, Circuit Judge:

This is an appeal from a sentence imposed under the Sentencing Reform Act of 1984 and the sentencing guidelines issued pursuant to 28 U.S.C. § 994 (Supp. V 1987). We are asked to determine whether the district court erred by refusing to depart downward from the applicable guideline range. We conclude that the district court's discretionary refusal to depart downward from the sentencing guidelines is not subject to review on appeal. Accordingly, we dismiss this appeal.

## FACTS AND PRIOR PROCEEDINGS

Lucio Morales pleaded guilty to charges of conspiracy to create and to supply false immigration documents to aliens in violation of 8 U.S.C. § 1160(b)(7)(A)(ii) (1988) and 18 U.S.C. § 371 (1988). The applicable sentencing guidelines for Morales' offense and circumstances directed a term of 10–16 months' imprisonment. Prior to sentencing, however, Morales sought a downward departure from the guidelines based on his age and physical condition. Morales contended that he was sixty-five years old and suffered from alcohol dependence, heart problems, hypertension, and diabetes, and had been recently hospitalized. A supplemental presentence report on Morales' medical condition recommended that the district court depart from the guidelines and that Morales be sentenced to probation. The United States did not object to suspension of the sentence.

The district court refused to depart downward from the guideline range and sentenced Morales to 16 months' imprisonment. The court first noted that "[t]he reason we have this reform act is that Congress was tired of judges departing from [its] prescribed sentences." Transcript of Sentencing Hearing, April 3, 1989 at 7. The judge then reviewed the extent of the illegal conduct and concluded that

John F. Garland, Fresno, Cal., for defendant-appellant.

David F. Levi, U.S. Atty., and Arthur A. Liberty, II, Sp. Asst. U.S. Atty., Fresno, Cal., for plaintiff-appellee.

---

* The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit Court of Appeals, sitting by designation.

the guideline range was "lenient in itself." *Id.* Finally, the court reasoned that Morales would be able to obtain in prison the "physicians [and] surgeons to aid him in the handling of his problem," and that Morales' alcohol problem "will be well-served by incarceration." *Id.* The court thereafter pledged to recommend that Morales be placed in an appropriate facility that could handle his medical needs.

## DISCUSSION

 Although neither party initially questioned appellate jurisdiction in this case, we are nevertheless obligated to determine whether we may consider an issue presented on appeal. *See Cheng v. Commissioner,* 878 F.2d 306, 309 (9th Cir.1989). Accordingly, prior to argument we asked the parties to address whether we may review the district court's discretionary refusal to depart downward from the sentencing guidelines. We now conclude that the court's discretionary refusal to depart downward is not reviewable on appeal and that this appeal must therefore be dismissed.

It is fundamental that federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 374, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978). Our jurisdiction is "limited to those subjects encompassed within the statutory grant of jurisdiction." *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 701, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982). Our task is therefore to examine the relevant statutes to determine if Congress has provided for appellate jurisdiction. *See United States v. Franz,* 886 F.2d 973, 976 (7th Cir.1989) ("The question ... is essentially one of statutory interpretation.").

The statute governing defendants' rights to appeal federal sentences provides in relevant part:

A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines;

(3) is greater than the sentence specified in the applicable guideline range . . .; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a) (1988). Seven circuit courts of appeals have concluded that this statute precludes appellate review of a district court's discretionary refusal to depart downward from the guidelines. *See United States v. Evidente,* 894 F.2d 1000, 1003 (8th Cir.1990); *United States v. Denardi,* 892 F.2d 269, 272 (3d Cir.1989); *United States v. Tucker,* 892 F.2d 8, 11 (1st Cir. 1989); *United States v. Draper,* 888 F.2d 1100, 1105 (6th Cir.1989); *Franz,* 886 F.2d at 978; *United States v. Colon,* 884 F.2d 1550, 1552 (2d Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 553, 107 L.Ed.2d 550 (1989); *United States v. Davis,* 878 F.2d 1299, 1301 (11th Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 341, 107 L.Ed.2d 330 (1989).[1] *See also United States v. Rojas,* 868 F.2d 1409, 1410 (5th Cir.1989) ("A claim that the district court refused to depart from the guidelines and imposed a lawful sentence provides no ground for relief.").

 We have not yet expressly considered whether we may review a district court's refusal to depart downward from the guidelines. We have, however, implicitly asserted jurisdiction by reviewing the merits of such an appeal in *United States v. Borrayo,* 898 F.2d 91, 93 (9th Cir.1989). The question of reviewability was neither raised nor considered by the panel in that case. We are therefore not bound by the

---

**1.** The Eleventh Circuit has also reasoned that 28 U.S.C. § 1291 (1982) provides appellate jurisdiction over such an appeal but that section 3742 precludes the appellate court from reviewing the claim on appeal. *See United States v. Fossett,* 881 F.2d 976, 978–79 (11th Cir.1989). The distinction in *Fossett* between the right to appeal and the right to make a claim is questionable. "Section 3742 does more than define the claims that we may hear; it establishes those cases in which a defendant or the government is *authorized* to appeal." *Franz,* 886 F.2d at 981 n. 8 (disagreeing with *Fossett* ) (emphasis in original). Regardless, all circuits to have considered the issue have concluded that a defendant cannot obtain appellate review of the district court's discretionary refusal to depart downward from the guidelines.

implicit assertion of jurisdiction but rather we must consider the issue anew. *See In re Baker*, 693 F.2d 925, 925–26 (9th Cir. 1982) (when the question of jurisdiction is neither contested nor ruled upon in a prior case, that prior case does not establish controlling precedent on jurisdiction).

It is clear that if section 3742 authorizes review of a district court's decision not to depart downward from the sentencing guidelines, it must do so not under subsections (a)(3) or (a)(4) which are inapplicable on their face, but under either subsection (a)(1) or (a)(2). Both subsections (a)(1) and (a)(2) may be arguably construed to support appellate review of a refusal to depart downward from the guidelines. *Colon*, 884 F.2d at 1553 (construing (a)(1)); *Franz*, 886 F.2d at 977 (construing (a)(2)). We agree, however, with *Franz* and *Colon* that a close examination of the statutory scheme makes it clear that Congress intended that appellate review be "confine[d]" to the situations expressly listed in that statute, *see* S.Rep. No. 225, 98th Cong., 2d Sess. 150, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3333, [hereinafter S.Rep.], and that Congress did not intend to allow for appellate review of discretionary refusals to depart downward from the guidelines. *Franz*, 886 F.2d at 978–80; *Colon*, 884 F.2d at 1554–55.

We are persuaded that allowing a defendant to appeal a district court's discretionary refusal to depart downward as an alleged "violation of law" under subsection (a)(1) or as an "incorrect application of the sentencing guidelines" under subsection (a)(2) would render the remaining subsections of section 3742 superfluous and redundant. Congress specifically authorized a defendant to appeal an upward departure and to challenge the reasonableness of a sentence imposed for an offense not governed by the guidelines. *See* 18 U.S.C. § 3742(a)(3) & (a)(4). If challenges to departures had been intended under subsec-

tion (a)(1) or (a)(2), it would have been unnecessary for Congress to include either subsection (a)(3) or (a)(4). *Franz*, 886 F.2d at 978; *Colon*, 884 F.2d at 1553. We are obligated, of course, to construe a statute so as to give meaning to each provision. *Beisler v. Commissioner*, 814 F.2d 1304, 1307 (9th Cir.1987).

■ It has been argued alternatively that refusals to depart may be challenged under subsection (a)(1) as possible violations of 18 U.S.C. § 3553 (1988). *Denardi*, 892 F.2d at 275–77 (Becker, J., dissenting). Section 3553(a) provides that a court shall impose a sentence "sufficient, but not greater than necessary" to meet the purposes of the statute, namely punishment, deterrence, incapacitation, and rehabilitation. Section 3553(b) directs that a court impose a sentence within the sentencing guideline range "unless the court finds that there exists an aggravating or mitigating circumstance . . . not adequately taken into consideration by the Sentencing Commission. . . ." Thus, one may contend that when a district court elects not to depart downward from the guidelines, the defendant should be permitted to seek review under section 3742(a)(1) on the ground that the sentence imposed was in violation of the sentencing mandates of section 3553. Such an interpretation of the statutory scheme, however, again would render superfluous the remaining subsections of section 3742. *Franz*, 886 F.2d at 979 n. 7. We therefore reject the argument that a district court's discretionary refusal to depart downward from the sentencing guidelines is reviewable as a violation of section 3553.[2]

Our conclusion that a court's discretionary decision not to depart downward from the applicable guidelines is not reviewable on appeal is fully supported by Congress' stated intent to establish "a limited practice of appellate review of sentences in the Federal criminal justice system." S.Rep. at

---

**2.** Various circuit courts have noted that a district court's refusal to depart downward based upon an erroneous interpretation of law may be reviewable on appeal. *See, e.g., Franz*, 886 F.2d at 980 ("when a district court's refusal to depart is in violation of law, appellate review of that decision is available under 18 U.S.C. § 3742(a)(1)"); *Colon*, 884 F.2d at 1553 (there is

appellate review of a sentencing court's erroneous conclusion that it did not have the power to depart); *United States v. Medeiros*, 884 F.2d 75, 77 (3d Cir.1989) (there is appellate jurisdiction when the "sentencing court erred in concluding that it did not have the power to deviate downward from the Guidelines"); *Fossett*, 881 F.2d at 979 (assertion that "district court did not believe

3332. This decision by Congress not to provide appellate review of correctly calculated sentences was thus "a conscious decision" consistent with its stated legislative purpose. *Colon,* 884 F.2d at 1555. Moreover, Congress' election to limit the review of a trial court's sentencing decisions is fully consistent with the prior judicial practice of generally not reviewing sentences that fall within statutory limits, absent constitutional concerns. *See United States v. Tucker,* 404 U.S. 443, 446–47, 92 S.Ct. 589, 591–92, 30 L.Ed.2d 592 (1972). Thus, we hold that a district court's discretionary decision not to depart downward from the guidelines is not subject to review on appeal.

APPEAL DISMISSED.

it had the statutory authority to depart from the sentencing guideline range … presents a cognizable claim on appeal"). We think that discretionary refusals to depart should be distinguished from instances where a district court refuses to depart because it believes that section 3553(b) prohibits departure. *See United States v. Whyte,* 892 F.2d 1170, 1175 n. 14 (3d Cir.1989) (drawing distinction). At least one court has held that there exists appellate review of a district court's legal conclusion that it was not authorized to depart from the guidelines. *See United States v. Cheape,* 889 F.2d 477, 480–81 (3d Cir.1989). Here, we conclude that the dis-

trict court's decision not to depart was an act of discretion. We do not read the judge's aforementioned comments to reflect an understanding that he believed that he was not authorized to depart. In instances, however, where the record is not sufficiently clear, it may be necessary to remand for clarification. *See United States v. Russell,* 870 F.2d 18, 21 (1st Cir. 1989).