942 F.2d 795
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Margaret Ann WHIDDEN, Defendant-Appellant.
 No. 91-10021.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 15, 1991.*
Decided Aug. 23, 1991.
 
 Before JAMES R. BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Margaret Ann Whidden appeals after she was convicted of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and use of a deadly weapon in the commission of a crime of violence in violation of 18 U.S.C. § 924(c). A 120-month sentence was imposed.
 
 Severance
 
 3
 "Motions to sever must be timely made and properly maintained, or the right to severance will be deemed waived." United States v. Kaplan, 554 F.2d 958, 965 (9th Cir.), cert. denied, 434 U.S. 956 (1977). "To preserve the point, the motion to sever must be renewed at the close of all evidence." Id. Whidden admits she did not renew the motion to sever at the close of evidence, claiming it would have been useless. We reject the argument.
 
 The Evidence of Disguises
 
 4
 Whidden argues that the court erred in admitting evidence of disguises that were found inside the motor home. A third participant in the robbery testified that the Whiddens purchased disguises for use in the bank robbery. Relevant evidence "is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R. of Evid. 401. The disguises are therefore relevant to intent. The evidence had probative value.
 
 The Motion For Acquittal
 
 5
 Whidden contends the court erred in denying her motion for judgment of acquittal. See Fed.R.Crim.P. 29(a). There was sufficient evidence for a trier of fact to find Whidden's involvement in the crime. "The uncorroborated testimony of an accomplice is enough to sustain a conviction unless the testimony is incredible or unsubstantial on its face." United States v. Lopez, 803 F.2d 969, 973 (9th Cir.1986), cert. denied, 481 U.S. 1030 (1987).
 
 Application of the Sentencing Guidelines
 1. Minor or Minimal Role
 
 6
 Whidden argues that her offense level should have been decreased because her role was either minimal or minor.
 
 
 7
 The record provides no basis to disagree with the district court's order. Whether Whidden was only minimally involved was a question that turned on the credibility of witnesses. The district court was in the best position to make that judgment. See United States v. Barbosa, 906 F.2d 1366, 1370 (9th Cir.), cert. denied, 111 S.Ct. 394 (1990).
 
 2. Downward Departure
 
 8
 We have no jurisdiction to review a district court's refusal to depart downward in sentencing a defendant as long as the court exercised its discretion. United States v. Morales, 898 F.2d 99 (1990). The district court did so.
 
 3. Obstruction of Justice
 
 9
 The trial court's conclusion that Whidden testified falsely and threatened a witness is a legitimate ground for an increase in the offense level for obstruction of justice. United States v. Shoulberg, 895 F.2d 882 (2d Cir.1990) (threatening a witness); Barbosa, 906 F.2d at 1369 (false testimony).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3