953 F.2d 1389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John PASQUALONE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
John PASQUALONE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
John PASQUALONE, Defendant-Appellant.
 Nos. 90-10326, 90-10327 and 90-10328.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 28, 1992.*
Decided Feb. 3, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals, John Pasqualone appeals from his sentences, imposed following conviction on guilty pleas, for conspiracy, wire fraud, and perjury, in violation of 18 U.S.C. §§ 371, 1343, 1623, and making and subscribing a false tax return, in violation of 26 U.S.C. § 7206(1). Pasqualone contends that the district court erroneously determined that it lacked authority to depart below the sentencing range mandated by United States Sentencing Guidelines. We lack jurisdiction to review the district court's discretionary decision and dismiss the appeal.
 
 
 3
 The district court may depart below the applicable Guidelines range pursuant to U.S.S.G. § 5K1.1 if the defendant provides substantial assistance in the prosecution of another individual, but such a departure is expressly conditioned on a motion by the government. United States v. Ayarza, 874 F.2d 647, 653 (9th Cir.1989), cert. denied, 439 U.S. 1047 (1990); see also United States v. Mena, 925 F.2d 354, 356 (9th Cir.1991) (noting that the district court may be free to depart if the government's refusal to move for departure is in bad faith). The district court's discretionary decision not to depart is not reviewable on appeal. United States v. Morales, 898 F.2d 99, 102 (9th Cir.1990).
 
 
 4
 Here, Pasqualone entered into plea agreements with the government in each of the three cases, pursuant to which he agreed to cooperate with the authorities and the government agreed to move for a downward departure under section 5K1.1 if Pasqualone provided substantial assistance. At sentencing, the government agreed that Pasqualone had done his best to assist in the investigation but stated that his assistance had not led to any substantial result. The government declined to make a section 5K1.1 motion, but suggested that Pasqualone receive the benefit of his cooperation by way of sentences at the low end of the applicable Guidelines ranges. Pasqualone conceded that the government's decision not to make the motion for departure was not taken in bad faith.
 
 
 5
 The district court correctly noted that the requirement of a prerequisite motion by the government "doesn't render the judge incapable of considering, whether the prosecutor makes a motion or not, the nature of assistance provided by a defendant" (RT 6/4/90 at 4). The district court imposed concurrent sentences at the low end of the Guidelines range, noting that while Pasqualone deserved credit for his good-faith effort to cooperate, the resulting "relatively short sentence ... is called for in this case" (id. at 16-17). It is clear that the district court properly exercised its discretion, and we lack jurisdiction to review its decision. See Morales, 898 F.2d at 102.
 
 
 6
 In his reply brief, Pasqualone argues for the first time that despite his concession, due process required the district court to make an independent determination of the government's good faith. We decline to address arguments not raised in the appellant's opening brief. See Sanchez v. City of Santa Ana, 915 F.2d 424, 430 (9th Cir.1990), cert. denied, 112 S.Ct. 66 (1991).
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3