960 F.2d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miguel Fabian RAMIREZ-MELGOSA, Defendant-Appellant.
 No. 91-50360.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1992.*
Decided April 21, 1992.
 
 Before BOOCHEVER, WILLIAM A. NORRIS and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ramirez-Melgosa pled guilty to possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). At sentencing, the district court correctly concluded that the appropriate base offense level is 30. He then reduced that offense level by two point for "minor participation" and an additional two points for acceptance of responsibility. The district court also correctly concluded that defendant's criminal history category is III.
 
 
 3
 Defendant asked for a further two-point reduction in his base offense level on the ground that he was a minimal participant. The district court refused: it found that defendant was not a minimal participant because "this case ... suggest[s] an ongoing, over-a-period-of-days involvement by this defendant." ST at 4.
 
 
 4
 Defendant also moved for a downward departure to Criminal History Category I on the ground that Category III overrepresented his criminality. The district court agreed that Category III overrepresented defendant's criminality, but departed down only to Criminal History Category II.[1]
 
 
 5
 A base offense level of 26 and a Criminal History Category of II yielded a presumptively applicable guidelines range of 70-87 months. The court sentenced the defendant at the lowest end of that range to 70 months.
 
 
 6
 Defendant appeals. He argues that the district court should have departed further down on the basis of "aberrant behavior." An aberrant behavior departure is tantamount to a departure below Criminal History Category I for criminal history overrepresentation. Our review of the transcript indicates that defendant did not raise this argument below. Not only did he fail to mention the possibility of an aberrant behavior departure, but he only asked for a downward departure to Criminal History Category I.
 
 
 7
 Defendant's appeal may only be construed as an argument that the court erred in refusing to depart all the way down to Criminal History Category I. The district court's refusal to go as far it permissibly might have gone is not subject to review, however, for the same reason that a court's decision not to exercise its discretion to depart is not subject to review. See United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990) ("[A] district court's discretionary decision not to depart from the Guidelines is not subject to review on appeal."). In this case, the district court recognized that it had the authority to depart down for criminal history overrepresentation. It also found that there was criminal history overrepresentation. It then departed down to Category II. The district court exercised its discretion and we have no basis for reviewing its ruling.[2]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 As a technical matter, we question the court's authority to alter a criminal history category because it overrepresents a defendant's criminality as opposed to departing downward for the same reason, without changing the criminal history category
 
 
 [2]
 Under United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991), we may vacate a sentence if the degree of departure was unreasonable. However, Lira-Barraza review is limited to departures that are challenged on the ground that they are excessive. In light of Morales, see supra, it would be simply illogical to apply Lira-Barraza review to departures that are challenged on the ground that they did not go far enough