963 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Petitioner-Appellee,
v.
Walter Charles GERBER, Defendant-Appellant.
 No. 91-10121.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 11, 1992.
Submission Deferred March 19, 1992.
Resubmitted May 15, 1992.
Decided May 20, 1992.
 
 Before BOOCHEVER, BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Walter C. Gerber was charged on June 1, 1990 with structuring currency transactions to evade reporting requirements in violation of 31 U.S.C. §§ 5324(3) and 5322(b) (1988). Gerber was charged after federal agents initiated an investigation into Custom Chem Labs (CCL) after several drug traffickers and controlled substance manufacturers were in possession of CCL receipts, and CCL packaging was found in lab sites. CCL, however, was found not to have violated the Controlled Substance Act. Gerber entered into a plea agreement where he agreed to forfeit to the United States all the funds and inventory seized pursuant to that action. Gerber was sentenced to 21 months of imprisonment, a $50 assessment, and two years of supervised released after his confinement.
 
 
 3
 * The Presentencing Report concluded that the base offense level for the structuring count should be 13, pursuant to United States Sentencing Commission Guidelines (U.S.S.G.) § 2S1.3. The Presentencing Report also concluded that the base level should be enhanced by five levels on the basis that Gerber believed or should have believed that the funds were criminally derived. See U.S.S.G. § 2S1.3(b)(1). This was objected to, and ultimately the district court reduced the recommended level five levels. Five levels were added, however, because of the amount of money involved under U.S.S.G. § 2S1.3(b)(2). Also, two levels were subtracted a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. The district court concluded that the applicable guidelines range was 21-27 months.
 
 
 4
 Walter Gerber claims that he represented to the district court a legal ground for departure from the Sentencing Guidelines because he voluntarily did not oppose the forfeiture action against him and was rendered "destitute" in a manner not contemplated by the Guidelines. The district court responded to this claim by stating "[t]here seems to be very little that is not considered in the guidelines."
 
 
 5
 The only issue in this appeal is whether the district court believed that it could not depart from the otherwise applicable sentencing guidelines range. We deferred submission in this case and remanded the action back to the district court for clarification of whether the district court sentenced Gerber under the belief that it had no discretion to depart downward.
 
 II
 
 6
 The district court, in its Order of Clarification, has now explicitly responded that it "recognized its right to depart under [section 5K2.0] but found that under all of the facts of the case, departure downward was not appropriate." Therefore we have no jurisdiction to rule on the merits of the case, for the district judge made a discretionary decision not to depart downward from the Guidelines. United States v. Morales, 898 F.2d 99, 102-03 (9th Cir.1990).
 
 
 7
 APPEAL DISMISSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3