988 F.2d 122
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arnoldo AISPURO-AISPURO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maria Cosme LOPEZ-ANGULO, Defendant-Appellant.
 Nos. 92-30319, 92-30321.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 5, 1993.*
Decided March 11, 1993.
 
 1
 Appeal from the United States District Court for the District of Oregon; Nos. CR-91-320-01-JAR CR-91-320-02-JAR James A. Redden, District Judge, Presiding.
 
 
 2
 D.Or.
 
 
 3
 AFFIRMED.
 
 
 4
 Before TANG, POOLE and RYMER, Circuit Judges
 
 
 5
 MEMORANDUM**
 
 
 6
 Arnoldo Aispuro-Aispuro appeals his sentence following a guilty plea for conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) & 846. Maria Cosme Lopez-Angulo appeals her sentence following a guilty plea for knowingly opening and maintaining a place for the purpose of distributing and using cocaine in violation of 21 U.S.C. § 856. Both argue that the district court erred in denying their motions for downward adjustments and departures. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 7
 * Aispuro-Aispuro and Lopez-Angulo argue that the district court erred in finding that neither of them was a minor or minimal participant in the offense under U.S.S.G. § 3B1.2. A district court's finding that a defendant does not qualify for minor participant status is reviewed for clear error. United States v. Prieto-Villa, 910 F.2d 601, 610 (9th Cir.1990). The district court found that Aispuro-Aispuro's extensive involvement in narcotics dealing did not justify either a minor or a minimal role adjustment. This finding is supported in the record, and Aispuro-Aispuro points to no contrary evidence. Therefore, we find no error.
 
 
 8
 The district court found that Lopez-Angulo could not have played a minor or minimal role since she rented a house to be used in the drug transaction. This finding was not clearly erroneous.
 
 II
 
 9
 Aispuro-Aispuro and Lopez-Angulo argue that the district court erred in failing to depart downward for extraordinary family responsibilities, citing United States v. Johnson, 964 F.2d 124 (2d Cir.1992). The district court held that for Aispuro-Aispuro there was "no basis for a downward departure ... because of family responsibilities. Although I am sympathetic to that, a downward departure is not warranted." The district court also refused to depart downward based on Lopez-Angulo's family responsibilities. It found that her case, though unfortunate, "is not atypical of many of the cases that have come before" the court. The district court's refusal to depart downward for Aispuro-Aispuro and Lopez-Angulo was discretionary, and we have held that there is no appellate review of a district court's discretionary refusal to depart downward. United States v. Morales, 898 F.2d 99 (9th Cir.1990).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3