990 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Denise Ann RUSSELL, Defendant-Appellant.
 No. 92-50371.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1992.*
Decided March 24, 1993.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Denise Ann Russell appeals from the sentence she received after pleading guilty to a violation of 18 U.S.C. § 1029(a)(1) (use of counterfeit access devices). The district court sentenced Russell to twenty-seven months imprisonment and three years of supervised release. Russell argues that the district court failed to consider evidence that she suffered from "battered woman's syndrome" which would have supported her request for a downward departure. This issue is not appealable, and we dismiss.
 
 
 3
 Prior to sentencing, Russell asked the district court to make a downward departure from the sentencing guidelines based in part on her history of abusive relationships with men. At the sentencing hearing, Russell's attorney reiterated this argument and emphasized that Russell was physically abused by her ex-husband during the time she was engaged in the criminal conduct. (ER at 57-58.) The court sentenced Russell to the upper limit of the applicable guideline range, rejecting the government's recommendation for a lower sentence. (ER at 67.) When asked for a specific ruling on Russell's request for a downward departure, the district court stated simply: "I'm refusing the downward departure." (ER at 69.)
 
 
 4
 This court does not have jurisdiction to review a district court's discretionary decision not to depart downward from the sentencing guidelines. United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990). The appellant, citing United States v. Johnson, 956 F.2d 894 (9th Cir.1992), correctly notes that battered woman's syndrome is a valid ground for a discretionary downward departure from the guidelines. In Johnson, we vacated the sentences of several defendants because the district court did not appear to be aware that it could depart downward on the basis of an incomplete duress defense. Johnson, 956 F.2d at 901, 903.[1]
 
 
 5
 In this case, unlike Johnson, there is no indication that the district court erroneously believed that it lacked the authority to depart. See United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991) ("The court's silence regarding authority to depart is not sufficient to indicate that the court believed it lacked power to depart."). We conclude that Russell's sentence is therefore not appealable.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The appellant suggests that under Johnson, a district court is obligated to consider all evidence proffered by a defendant in support of a request for a downward departure and to make factual findings. The court in Johnson did not impose such a requirement. The court characterized the district court's findings as "inadequate" simply because they were made under erroneous assumptions about the law. See id. at 901-02
 As noted in Johnson, the district court is required by Fed.R.Crim.P. 32(c)(3)(D) to make findings or to indicate that no findings are necessary where the defendant challenges inaccuracies in the presentence report. See id. at 900-01. This requirement is not relevant here, since Russell does not argue that she made any factual challenges to the presentence report with regard to her request for a downward departure.