995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Lee CROSBY, Defendant-Appellant.
 No. 92-50470.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1993.*
Decided May 27, 1993.
 
 Before: CHOY, GOODWIN and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Jerry Lee Crosby pled guilty to three counts of unarmed bank robbery and was sentenced to 121 months in prison. Crosby appeals from his sentence, arguing that the district court erroneously believed that it lacked the authority to make a downward departure from the sentencing guidelines.
 
 
 3
 The Probation Office determined the applicable sentencing guideline range to be 97 to 121 months. Crosby requested a downward departure on the ground that he suffered from extraordinary psychiatric illness. The government opposed this request on the following grounds: 1) the guidelines authorize departure for mental illness only in the case of "reduced capacity," and Crosby did not meet the requirements of that guideline provision; and 2) even if a departure for extraordinary mental illness was available under U.S.S.G. § 5H1.3, Crosby's illness was not extraordinary. The district judge denied the request for a downward departure "for the reasons set forth by the government." The judge then sentenced Crosby to 121 months in prison, the upper limit of the applicable sentencing range.
 
 
 4
 This court does not have jurisdiction to review a district court's discretionary decision not to depart downward from the sentencing guidelines. United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990). Crosby argues that the judge's decision in this case was not discretionary, and instead was based on the erroneous legal determination that a departure for extraordinary psychiatric illness was not allowable because Crosby did not fit within the "reduced capacity" provision of the guidelines. We reject this argument because the judge's decision was clearly discretionary. There is no indication in the record that the judge wanted to make a downward departure but believed that he lacked the legal authority. On the contrary, the judge sentenced Crosby to the maximum sentence possible within the guideline range, and told Crosby: "You are lucky I don't upward depart." As we stated in United States v. Sanchez, 914 F.2d 1355, 1363 (9th Cir.1990), cert. denied, 111 S.Ct. 1626 (1991), "[i]f [the judge] believed that a specific guideline provision precluded him from departing on the bases urged by [the defendant's] counsel, he certainly would not have imposed more than the minimum sentence under the guideline range...."
 
 
 5
 Since the district judge's decision not to depart from the guidelines was a discretionary one, we lack jurisdiction over this appeal.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3