995 F.2d 235
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Deanna Shawn THEDFORD, Defendant-Appellant.
 No. 92-30238.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 9, 1993.*
Decided June 11, 1993.
 
 1
 Before: BRUNETTI, LEAVY, and TROTT, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Deanna Shawn Thedford was convicted by guilty plea of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and use of a firearm in connection with drug trafficking, in violation of 18 U.S.C. § 924(c)(1). She appeals her sentence under the Sentencing Guidelines, and we affirm.
 
 
 4
 * Thedford's plea and her resultant conviction were based on "approximately on pound" (462.4 grams) of powder cocaine found at her bedside at the time of her arrest. She first complains the district court erred by taking into account an additional .89 grams of crack cocaine also found at the scene in computing her sentence under the sentencing guidelines.
 
 
 5
 Because Thedford challenged the consideration of the .89 grams of crack at sentencing, the court heard testimony on whether the .89 grams was attributable to her as relevant offense conduct under the guidelines. After receiving this testimony, the court concluded that the crack had been brought into the apartment with the powder cocaine, and was found in "close proximity" to the powder cocaine.[1] As a result, the court determined that Thedford was chargeable with the .89 grams.
 
 
 6
 Thedford relies on United States v. Castro-Cervantes, 927 F.2d 1079 (9th Cir.1990) in support of her claim that the court erred in including the .89 grams as relevant conduct. In Castro-Cervantes, we held that a court may not depart upward from the guidelines sentence based on dismissed charges. See United States v. Fine, 975 F.2d 596, 602 (9th Cir.1992) (en banc) (discussing Castro-Cervantes holding). Castro-Cervantes does not apply here. The court did not depart upwards from the guidelines sentence. It considered the .89 grams as relevant conduct in setting the offense level, and assigned the shortest possible sentence correspondent to that level.
 
 
 7
 Neither did the court err under the sentencing guidelines in including the .89 grams as relevant conduct. The offense of conviction was a groupable offense under guideline section 3D1.2(d). See U.S.S.G. § 2D1.1(a)(3). The court was therefore entitled to consider all conduct which was part of the offense scheme, even though Thedford was not charged or convicted on the basis of that conduct. Fine, 975 F.2d at 599-600; United States v. McAninch, No. 91-30433, slip op. at 5276-77 (9th Cir. May 20, 1993); U.S.S.G. § 1B1.3(a)(2).
 
 
 8
 Finally, Thedford complains that the inclusion of the .89 grams as relevant conduct violated the plea agreement. We disagree. The plea agreement provided that the government would dismiss a separate conspiracy charge and would not charge Thedford for any federal drug trafficking or money laundering crimes in connection with the Harper enterprise. It also provided that the agreement was meant to resolve all her criminal liability in connection with that scheme.
 
 
 9
 Thedford does not allege that the government violated the agreement. She argues that it is "abundantly clear from the written plea agreement, the change of plea hearing, and Ms. Thedford's sentencing memorandum that one benefit of the plea bargain would be that Ms. Thedford would be sentenced for 464 grams of cocaine, not 553."[2]
 
 
 10
 The plea agreement provides that sentencing will occur pursuant to the sentencing guidelines. In that agreement, Thedford subscribed her understanding that the maximum penalty for violation of 21 U.S.C. § 841(a)(1) "involving approximately one pound of cocaine" is a sentence of 20 years in prison and/or a fine of $1,000,000.00. The agreement also evidenced Thedford's understanding that no one, including her attorney, could guarantee what sentence the judge might impose.
 
 
 11
 Neither the transcript from the change of plea hearing nor Thedford's sentencing memorandum prove a violation of the plea agreement. The presentence report made clear the prosecution's intent to argue the .89 grams as relevant conduct at sentencing. Thedford's sentencing memorandum shows she disagreed with that proposed calculus. This disagreement, however, does not expose error in the sentence. Just as in Fine, the prosecution agreed to a dismissal of charges under Federal Rule of Criminal Procedure 11(e)(1)(A), not an agreement for a specific sentence under Rule 11(e)(1)(C). See Fine, 975 F.2d at 600. Thedford undoubtedly wanted to be sentenced only for 462.4 grams of cocaine, but she "did not succeed in negotiating an agreement so limiting the judge." Id.
 
 
 12
 Because the .89 grams was properly considered in setting the offense level, and the sentence imposed falls within the applicable guideline range, we find no error.
 
 II
 
 13
 Thedford also claims the district court erred in refusing to depart downward from the sentence prescribed by the guidelines based upon her "exceptional emotional vulnerability" or her "intoxicating relationship" with Stacy Harper.
 
 
 14
 We may review a district court's decision not to depart downward under the guidelines if that decision stems from the erroneous premise that the court lacks authority to so depart. United States v. Cook, 938 F.2d 149, 152 (9th Cir.1991). A discretionary decision not to depart downward, however, is not subject to review on appeal. Id.; United States v. Morales, 898 F.2d 99, 102 (9th Cir.1990).
 
 
 15
 In this case, the district court explicitly recognized its authority to depart under the guidelines:
 
 
 16
 That triggers the provisions of 5(k)(2.0), which provides that I may sentence outside the guideline range if I find there exists an aggravating or mitigating circumstance of a kind or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.
 
 
 17
 The court concluded that the Sentencing Commission had taken into account mental and emotional conditions, but noted that the conditions are "not ordinarily relevant." The court agreed that Thedford acted principally out of love for Harper. However, because her "condition" presented nothing out of the ordinary, it denied the request for departure.
 
 
 18
 The district court declined to exercise its discretion in favor of Ms. Thedford by granting her request for a downward departure. That decision is not reviewable.
 
 
 19
 The district court's judgment of sentence is affirmed.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 3(f)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 We accept the district court's factual findings. They cannot be characterized as "clearly erroneous." See United States v. Fine, 975 F.2d 596, 599 (9th Cir.1992) (en banc)
 
 
 [2]
 Under the guidelines, one gram of cocaine base (crack) is equivalent to 100 grams of powder cocaine. See U.S.S.G. § 2D1.1(c)