12 F.3d 1109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joey Lance HOPKINS, Defendant-Appellant.
 No. 93-50119.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 16, 1993.
 
 Before: SNEED, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joey Lance Hopkins pleaded guilty to conspiring to steal government money, 18 U.S.C. Sec. 371, and to theft of government money, 18 U.S.C. Sec. 641. He was sentenced to 25 months. He appeals. We affirm.
 
 
 3
 Hopkins was stealing money from post office vending machines. While released on bond awaiting trial for these thefts, he attempted to rob another postal machine. The court reinstated his bond so that he could be released to an inpatient drug treatment facility. He fled after one week but was later arrested.
 
 
 4
 While in custody, Hopkins voluntarily provided the police with information regarding an escape plot. Authorities told him that he would not receive any benefit from providing this information. He also gave information regarding one of his coconspirators.
 
 
 5
 At the sentencing hearing, the government did not move for a downward departure pursuant to 5K1.1. But Hopkins did, claiming that he had aided law enforcement. Although the judge rejected the government's argument that the court lacked the authority to depart absent a government motion, he denied Hopkins' motion. Hopkins claims that the district court erred by refusing to depart.
 
 
 6
 "[A] district court's discretionary decision not to depart downward from the guidelines is not subject to review on appeal." United States v. Morales, 898 F.2d 99, 102-103 (9th Cir.1990). The issue is whether the district court thought that it had any discretion to depart downward in this case.
 
 
 7
 During sentencing, the judge said that he thought that he had the authority to depart downward. He expressly rejected the government's argument to the contrary. He declined to depart because there were also good reasons for increasing Hopkins sentence, and these reasons offset any reasons for reduction.
 
 
 8
 The court's refusal to depart was an unambiguous discretionary decision. Review is barred by Morales.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3