51 F.3d 283
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Abel HERNANDEZ-SOLIS, Defendant-Appellant.
 No. 94-50060.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1994.
Decided March 22, 1995.
 
 Before: CANBY, LEAVY, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Abel Hernandez-Solis (Hernandez-Solis) appeals his conviction pursuant to 8 U.S.C. Secs. 1326(a), (b)(1) and (b)(2) and his sentence under the Sentencing Guidelines. We affirm.
 
 A. Jury Instruction
 
 3
 We reject Hernandez-Solis' argument that the district court should have instructed the jury that he could not be "found in" the United States unless he surreptitiously reentered. See United States v. Ortiz-Villegas, No. 94-50107, slip op. at 2762 (9th Cir. March 13, 1995). "The plain language of the statute does not suggest that surreptitious entry is a prerequisite to prosecution for being 'found in' the United States." Id.
 
 B. Downward Departure
 
 4
 Hernandez-Solis argues that he was entitled to a downward departure because "his only family ties are in the United States." However, "a district court's discretionary decision not to depart downward from the guidelines is not subject to review on appeal." United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990). As in United States v. Belden, 957 F.2d 671 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992), "the [district] court's decision not to depart did not appear to rest on the judge's belief that departure was prevented as a matter of law." Id. at 676. The judge did not expressly state that he did not have authority to depart downward. Instead, he merely stated that he declined to accept the argument advanced by Hernandez-Solis because "his presence in the United States since childhood did not in any way change his status as an illegal alien." The district court's denial of a downward departure is not reviewable.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3