53 F.3d 340
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Paul BEAVER, Defendant-Appellant.
 No. 94-30345.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 27, 1995.
 
 Before: BROWNING, SNEED and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth Paul Beaver appeals the 235-month sentence imposed following his jury conviction for being a felon in possession of a firearm in violation of 18 U.S.C. Secs. 922(g) and 924(e)(1). Beaver contends the district court erred, first by denying his motion to suppress evidence, and second, by refusing to grant a downward departure on the ground that his criminal history category seriously overrepresented his criminal history. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I. Motion To Suppress Evidence
 
 3
 We review de novo a district court's conclusion that a defendant lacked standing to challenge a search and seizure. United States v. Lingenfelter, 997 F.2d 632, 636 (9th Cir. 1993). We review the factual findings underlying this conclusion for clear error. United States v. Padilla, 960 F.2d 854, 858 (9th Cir. 1992), reversed on other grounds, 113 S. Ct. 1936 (1993).
 
 
 4
 Beaver contends the government argues inconsistent positions by asserting he possessed a firearm, but lacked a legitimate expectation of privacy in the jacket from which the firearm was seized. The district court found that Beaver had abandoned the jacket, and thus, lacked standing to challenge its search.
 
 
 5
 Police arrested Beaver after they responded to a private citizen's complaint that he was smoking marijuana and armed. They found Beaver seated at a table in a tavern card room, appearing to be nervous and with constricted eyes. One of the officers noticed a jacket sitting on a shelf two feet from Beaver, and asked him whether it was his. Beaver repeatedly denied owning the jacket and no one else in the card room claimed ownership. The officer picked up the jacket and felt what he believed was a gun. He arrested Beaver and then removed the gun from the jacket.
 
 
 6
 "[A] prosecutor may simultaneously maintain that a defendant criminally possessed the seized good, but was not subject to a Fourth Amendment deprivation, without legal contradiction." United States v. Salvucci, 448 U.S. 83, 90 (1980). A defendant renounces his expectation of privacy in property he has abandoned, and the government may properly argue that the defendant possessed the item abandoned, but lacked standing to challenge its seizure. United States v. Issacs, 708 F.2d 1365, 1368, cert. denied, 464 U.S. 852 (1983); see also, United States v. Huffhines, 967 F.2d 314, 318 (9th Cir. 1992). A defendant bears the burden of proving he had a legitimate expectation of privacy in the items seized or the place searched. Rakas v. Illinois, 439 U.S. 128, 143 (1978). The defendant's words, acts, or other objective indications should determine whether he has abandoned the property. See Huffhines, 967 F.2d at 318.
 
 
 7
 Here, Beaver denied owning the jacket when the arresting officer questioned him. Thus, it was not clear error for the district court to find that Beaver had abandoned the jacket. See Padilla, 960 F.2d at 858. The district court also properly found that Beaver was lawfully frisked pursuant to Terry v. Ohio, 392 U.S. 1 (1967), and that the jacket was searched incident to Beaver's subsequent arrest. Therefore, we uphold the district court's conclusion that Beaver lacked standing to challenge the search, and its decision to deny Beaver's motion to suppress the firearm. See Lingenfelter, 997 F.2d at 636.
 
 II. Criminal History Category
 
 8
 Beaver contends the district court erred by failing to grant a downward departure under U.S.S.G. Sec. 4A1.3 because his criminal history category significantly overrepresented his criminal history. A district court's discretionary decision not to depart downward is not reviewable on appeal. United States v. Morales, 898 F.2d 99, 102 n.2 (9th Cir. 1990). There is no indication in the record that the district court's refusal to depart was anything but discretionary. We are therefore without jurisdiction to review this claim. See Morales, 898 F.2d at 102 n.2.
 
 
 9
 The district court's judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3