61 F.3d 913
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael GRIFFIN, Defendant-Appellant.
 No. 94-10215.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 17, 1995.*
Decided July 20, 1995.
 
 Before: FLETCHER, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Griffin appeals his 36-month sentence following a bench trial conviction for multiple counts of mail fraud (18 U.S.C. Sec. 1341), false claims (18 U.S.C. Sec. 287), witness tampering (18 U.S.C. Sec. 1512(b)(3)), and false statements (18 U.S.C. Sec. 1001). Griffins contends that the district court erred, first by departing upward two levels for egregious obstruction of justice, and second, by refusing to depart downward for reduced mental capacity under U.S.S.G. Sec. 5K2.13. We affirm.
 
 
 3
 Griffin contends that the district court erred by departing upward without finding that the grounds for departure were not adequately considered by the Sentencing Commission. This contention lacks merit.
 
 
 4
 Review of departures from the Sentencing Guidelines is made under the three-part test established in United States v. Lira-Barraza, 941 F.2d 745, 746-47 (9th Cir.1991) (en banc). First, we review de novo whether the court correctly identified aggravating circumstances that were not considered by the Sentencing Commission in formulating the Guidelines. Id. at 746. Second, we review for clear error a district court's factual findings that the identified circumstances actually exist. Id. at 746-47. Finally, we review the reasonableness of the extent of departure in light of the structure, standards and policies of the Sentencing Reform Act and Guidelines. Id. at 747. A departure based on the obstruction of justice may be justified only if the obstruction is "significantly more egregious" than the type contemplated by U.S.S.G. Sec. 3C1.1. United States v. Ward, 914 F.2d 1340, 1348 (9th Cir.1990).
 
 
 5
 Here, the district court found that Griffin used threats and coercion to dissuade his marital therapy patients and their family members from providing information to authorities or testifying against him. He threatened to reveal a patient's confidences if she did not support him. The court noted that Griffin was desperate and was willing to use all means including "violating the very basis of the professionalism that he was applying on his patients" to further his own interest. Griffin also attempted to disrupt and delay the trial by making unsubstantiated claims that the prosecutor had represented him in a prior matter.
 
 
 6
 Contrary to Griffin's assertions, the district court found that Griffin had attempted to obstruct justice on more than one occasion with acts that were extreme, and were against the interests of his own patients and at their expense. The court noted that such conduct, although not warranting the six-level departure recommended by the government, certainly was deserving a departure above the two-level enhancement contemplated by the Sentencing Commission under Sec. 3C1.1. See Ward, 914 F.2d at 1348.
 
 
 7
 The district court correctly identified Griffin's extreme acts of obstruction as aggravating circumstances which were not considered under U.S.S.G. Sec. 3C1.1. See Lira-Barraza, 941 F.2d at 746-47. The district court's findings were adequately supported by the record, and thus, were not clearly erroneous. See id. Moreover, the courts two-level upward departure was reasonable in light of Griffin's extreme conduct in trying to obstruct the government's prosecution of his sixty-two count indictment which included criminal conduct transpiring over two years. See id. Accordingly, the district court properly departed upward two levels for egregious obstruction of justice. See Lira-Barraza, 941 F.2d at 746-47.
 
 
 8
 Griffin also contends the district court erred by failing to grant a downward departure for his post-traumatic stress disorder (PTSD) condition. A district court's discretionary decision not to depart downward is not reviewable on appeal. United States v. Morales, 898 F.2d 99, 102-03 n. 2 (9th Cir.1990). There is no indication in the record that the district court concluded that it lacked authority to depart. Cf. United States v. Cantu, 12 F.3d 1506, 1516-17 (9th Cir.1993) (remanding because the district court concluded that it lack discretion to award a departure under Sec. 5K2.13). The district court fully considered Griffin's departure request based on his PTSD condition and declined to depart. We are therefore without jurisdiction to review this claim. See Morales, 898 F.2d at 102-03 n. 2.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3