64 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff - Appellee,
v.
Lance Morgan CAULK, Defendant - Appellant.
 No. 94-10427.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 10, 1995.*
Decided Aug. 14, 1995.
 
 Before: HALL, WIGGINS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lance Morgan Caulk appeals his sentence imposed under the Sentencing Guidelines following his guilty plea to two counts of aggravated sexual abuse with children under the age of twelve in violation of 18 U.S.C. Sec. 2241(c). The district judge denied the defendant's motion for downward departure and sentenced Caulk to 121 months, the bottom of the applicable Guidelines range, after adjusting for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1(a) and compliance with prosecutorial investigation pursuant to U.S.S.G. Sec. 3E1.1(b).
 
 
 3
 Caulk did not object to the sentence imposed in the district court. On appeal, Caulk contends that the district court, in denying his motion for downward departure, violated his Fifth Amemdment right to due process by considering the testimony of psychiatrists and psychologists from prior cases regarding sex offenders' high rate of recidivism. We affirm.
 
 
 4
 We described in United States v. Safirstein the quandary presented by this sort of case as "two fundamental propositions...at war." United States v. Safirstein, 827 F.2d 1380, 1384 (9th Cir. 1987) (quoting United States v. Campbell, 684 F.2d 141, 152 (D.C. Cir. 1982)). The first proposition is that district court may consider an extremely wide array of information in arriving at a sentencing decision. Id. at 1384-85. Under the Sentencing Guidelines, "[i]n determining the relevant facts, sentencing judges are not restricted to information that would be admissible at trial. Any information can be considered, so long as it has 'sufficient indicia of reliability to support its probable accuracy."' U.S.S.G. Sec. 6A1.3, comment. (citations omitted). See also 18 U.S.C. Sec. 3661. And the district court's discretionary refusal to depart downward from the Sentencing Guidelines is not subject to appellate review absent constitutional concerns. United States v. Morales, 898 F.2d 99, 103 (9th Cir. 1990). See also United States v. Tucker, 404 U.S. 443, 446-47 (1972).
 
 
 5
 The second proposition is that the Fifth Amendment right to due process protects the defendant from consideration of improper or inaccurate information in sentencing. Safirstein, 827 F.2d at 1385. Here, Caulk does not challenge the truth of the district court's observation that sex offenders generally have a high rate of recidivism. Rather, he contends that the district court erred in improperly considering testimony regarding recidivism from other trials.
 
 
 6
 Due process requires resentencing only if the challenged information is (1) false or misleading, and (2) demonstrably made the basis for the sentence. United States v. Lasky, 592 F.2d 560, 562 (9th Cir. 1979). See also Safirstein, 827 F.2d at 1385 ("reliance upon information which is materially untrue or, if not shown to be false, to be so lacking in indicia of reliability as to be of little value violates due process"). Because the defendant failed to object to the district court's consideration of this evidence during sentencing, we review for plain error. United States v. Pinto, 48 F.3d 384, 390 (9th Cir. 1995)
 
 
 7
 We consider this case to be closely analogous to United States v. Pinto, where we found no plain error under similar circumstances. Id. In Pinto, we held that the district court's recollection of evidence presented at a codefendant's trial in denying the defendant's motion for downward departure did not violate the defendant's right to adequate notice pursuant to Fed. R. Crim. P. 32 because (1) Pinto failed to object; (2) Pinto did not challenge the truth of the matter; and (3) the court relied upon other grounds to impose the sentence. Id.
 
 
 8
 Each of these factors is also present here. Caulk did not object at trial to the district court's observation about the generally high rate of recidivism among sexual offenders. Indeed, even the testimony of Dr. Robinson, Caulk's expert witness, did not dispute that fact. And the record indicates that the district court, in denying the defendant's motion for downward departure, was mindful of the need to "step aside from the heat of immediate passion and feeling," [Excerpts of Record at 87], and carefully considered the defendant's tragic background, his initial attempt to flee justice, the victims' academic and emotional decline, the victims' need to grow into adulthood without the fears of being stalked by Caulk and, in addition, the likelihood of recidivism. [Excerpts of Record at 87-91]. Because the district court's consideration of recidivism was not central to its discretionary decision to deny the motion, we find no plain error.
 
 
 9
 Departure from the Sentencing Guidelines is appropriate only if the court finds that "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." U.S.S.G. Sec. 5K2.0. And the "lower limit of the range for Criminal History Category I is set for a first offender with the lowest risk of recidivism." U.S.S.G. Sec. 4A1.3. We are satisfied that the district court, in imposing a sentence at the lower limit of the Guidelines, did not significantly rely upon the extraneous information regarding recidivism but exercised its wide discretion in considering all the circumstances before denying the defendant's motion for downward departure.
 
 
 10
 Accordingly, Caulk's sentence is AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3