UNITED STATES of America, Plaintiff–Appellee,

v.

John H. YAZZIE, Defendant–Appellant.

No. 01–10396.

D.C. No. CR–00–00780–PGR.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2002 *.

Decided April 15, 2002.

Before BROWNING, KLEINFELD and GOULD, Circuit Judges.

MEMORANDUM **

John H. Yazzie appeals his sentence of five months and one day imposed following his guilty plea to interstate transportation of stolen property, in violation of 18 U.S.C. § 2314. Yazzie contends that we have jurisdiction to review the district court's denial of a downward departure because the district court judge applied an incorrect definition of aberrant behavior and relied on improper factual findings. This contention lacks merit.

We lack jurisdiction to review a district court's discretionary decision to deny a motion for downward departure from the applicable guideline range. *See United*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

States v. Morales, 898 F.2d 99, 102–103 (9th Cir.1990). The decision is reviewable only if the district court indicated that it did not have the legal authority to depart. See United States v. Berger, 103 F.3d 67, 70 (9th Cir.1996) (stating that the district court's decision to deny a downward departure is considered discretionary unless the district court indicates that it believes it can not depart as a matter of law).

The record before us does not contain any indication that the district court believed it could not depart as a matter of law. Id. We conclude from this record that the district court understood its authority to depart and exercised its discretion in denying the downward departure. See United States v. Rivera–Sanchez, 222 F.3d 1057, 1064–1065 (9th Cir.2000).

DISMISSED.