UNITED STATES of America,
Plaintiff–Appellee,

v.

Willie B. JONES, Defendant–Appellant.

No. 93–30167.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 20, 1993 *.

Memorandum Filed Jan. 7, 1994.

Decided May 27, 1994.

---

* The panel finds this case appropriate for submission without argument pursuant to 9th Cir. R. 34–4 and Fed.R.App.P. 34(a).

**1178**

Jenny Cooke, Portland, OR, for defendant-appellant.

Gary Y. Sussman, Asst. U.S. Atty., Portland, OR, for plaintiff-appellee.

Before: SNEED, NOONAN, and TROTT, Circuit Judges.

## ORDER

The memorandum disposition filed January 7, 1994, is redesignated as a per curiam opinion by the panel.

## OPINION

PER CURIAM:

Willie B. Jones, a federal prisoner, appeals his conviction and sentence for distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). We affirm.

### I.

*FACTS AND PRIOR PROCEEDINGS*

Jones was the unwitting target of a multi-agency sting operation in the Portland area. Jones met a certain Mr. Tredwell at a gas station in December 1991. Jones, who identified himself only as "Chill," offered to sell crack cocaine to Tredwell. Unbeknownst to Jones, Tredwell was a paid government informant.

Jones again offered to sell crack cocaine to Tredwell during two subsequent phone conversations (one of which was recorded). Jones and Tredwell negotiated price and quantity, and Jones had Tredwell finalize the location for the transaction with his unidentified "partner."

As agreed, Jones and his partner met Tredwell at a convenience store to complete the transaction. Jones got into Tredwell's car, haggled over the price of the cocaine, and took and counted Tredwell's money. Jones then told Tredwell his partner would deliver the drugs, and he got out of the car. Moments later, Jones's partner handed Tredwell the cocaine. Tredwell wore a body wire throughout the transaction.

At trial Tredwell identified Jones as "Chill" and identified Jones's voice in the recordings of the drug transaction. Jones's girlfriend corroborated Tredwell's testimony. Jones proffered expert testimony on the issue of voice identification; however, the trial judge allowed the witness to testify only as a lay witness, not as an expert witness.

The district court denied Jones's motions for a judgment of acquittal. A unanimous jury convicted Jones, and the trial judge sentenced him to 262 months' imprisonment and four years of supervised release. Jones timely appeals, and we take jurisdiction under 28 U.S.C. § 1291.

### II.

*DISCUSSION*

Jones contends that the district court erred by (1) denying his motion for judgment of acquittal, (2) refusing to depart downward from the guideline sentencing range, and (3) refusing to allow a defense witness to testify as an expert. These contentions lack merit.

## A. Denial of Motions for Judgment of Acquittal

■ In reviewing the district court's denial of Jones's motions for acquittal, we view the evidence in the light most favorable to the Government to determine whether "there was substantial relevant evidence produced from which the jury reasonably could have found the defendant guilty beyond a reasonable doubt." *United States v. Sarault,* 840 F.2d 1479, 1487 (9th Cir.1988).

■ Jones argues for acquittal because the government "offered no evidence" that he "actually gave the drugs to Tredwell." This argument is simply irrelevant. Actual physical delivery is not the *sine qua non* of criminal liability. A defendant need not actually sell drugs to aid and abet in their distribution. *United States v. Savinovich,* 845 F.2d 834, 838 (9th Cir.), *cert. denied,* 488 U.S. 943, 109 S.Ct. 369, 102 L.Ed.2d 358 (1988); *see United States v. Gillock,* 886 F.2d 220, 222 (9th Cir.1989). An aider and abettor will be liable as a principal if he "associate[s] with the criminal venture, participate[s] in it, and seek[s] by actions to make it succeed." 845 F.2d at 838.

■ Here, there was overwhelming evidence of Jones's guilt, either as a principal or as an aider and abettor. Jones was intimately involved in the distribution of crack cocaine to Tredwell. Jones offered to sell cocaine to Tredwell on three separate occasions. Jones negotiated the price, quantity, and details of the drug transaction. He also took and counted Tredwell's money and arranged for his partner to deliver the drugs. Because a rational jury could readily find on the basis of this evidence that Jones intended to distribute crack cocaine, the district court did not err in denying Jones's motions for acquittal.

## B. Refusal to Depart Downward

■ We likewise reject Jones's claim that the district court erred in failing to depart downward because his criminal history category "over-represented the seriousness of his criminal history." The district court's discretionary decision not to depart from the sentencing guidelines is not reviewable on appeal unless the district court erroneously believed it had no discretion. *United States v. Morales,* 898 F.2d 99, 103 (9th Cir.1990); *United States v. Robinson,* 958 F.2d 268, 272 (9th Cir.1992). Here, the district court expressly stated that *"[i]n the exercise of its discretion,* the court finds that departure is not warranted." This decision is not subject to review.

## C. Exclusion of Expert Voice Identification Testimony

■ Finally, Jones contends that the district court erred by excluding his proffered expert testimony on the basis of the *Frye* test, which the Supreme Court recently overruled in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* — U.S. —, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). We apply *Daubert* on direct appeal, *Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987), and we review the district court's decision for abuse of discretion. *United States v. Rahm,* 993 F.2d 1405, 1409–10 (9th Cir.1993).

■ Under *Daubert,* a district judge must initially determine "whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." — U.S. at —, 113 S.Ct. at 2796. The judge must therefore assess "whether the reasoning or methodology underlying the testimony is scientifically valid and ... whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* In assessing the validity of a scientific theory or technique, the judge should consider a number of factors: whether the theory or technique "can be (and has been) tested" by other scientists; whether it has been subjected to peer review and publication; the known or potential rate of error; the existence and maintenance of standards controlling the techniques's operation; and whether the technique has gained general acceptance in the relevant scientific community. *Id.* at ———, 113 S.Ct. at 2796–97.

■ Here, the district judge found that the voice identification technique used by the witness was "novel" and that Jones had made

"no demonstration that there [wa]s *any scientific basis* for this type of [voice] comparison." Jones's witness sought to testify that Jones's voice did not match the voice of "Chill" on the body wire recording and the taped telephone conversations. However, the witness had no specialized training in voice analysis, had authored no articles in the field, had read only one article three years previously dealing with voice analysis, and did not know of the existence of a professional organization that certifies voice examiners.

The witness further testified that the voice comparison technique he employed was something he himself had developed. In essence, his technique involved an aural, subjective comparison of Jones's recorded voice with the voice on the recordings. The witness did not employ a voice spectrograph to aid him in this comparison. When asked for the scientific basis of this technique, the witness referred to musical notes but admitted that he had done no research to verify the validity of his theory and had not subjected it to peer review or publication. He conceded that no scientific studies or published research supported his theory. Furthermore, he did not know of any other voice comparison expert who used his technique. Thus, even under the factors set forth in *Daubert,* Jones failed to establish the scientific validity of his proffered expert's voice identification technique.

The district court did not abuse its discretion in allowing Jones's witness to give only lay opinion testimony and not expert testimony.

AFFIRMED.