67 F.3d 309
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus Antonio LIZARRAGA, Defendant-Appellant.
 No. 94-10353.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 25, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesus Antonio Lizarraga appeals his conviction by jury of distribution of heroin in violation of 21 U.S.C. Sec. 841(a)(1). Lizarraga claims the evidence was insufficient to show that he exchanged heroin for lidocaine with Ignacio Felix, an undercover operative, on February 28, 1991. We have jurisdiction under 28 U.S.C. Sec. 1291, and we reverse.
 
 
 3
 Where, as here, a defendant fails to renew his motion for judgment of acquittal at the close of his case, we review for plain error the district court's conclusion that the evidence was sufficient to sustain his conviction. United States v. Kuball, 976 F.2d 529, 531 (9th Cir.1992). " 'Plain' is synonymous with 'clear' or, equivalently, 'obvious.' " United States v. Olano, 113 S.Ct. 1770, 1777 (1993).
 
 
 4
 The Comprehensive Drug Abuse Prevention and Control Act of 1970
 
 
 5
 makes it a crime to '... distribute, or dispense ... a controlled substance.' 21 U.S.C. Sec. 841(a)(1). Distribution is defined in section 802(11) as 'to deliver (other than by administering or dispensing) a controlled substance.' The term 'deliver' is defined as an 'actual, constructive, or attempted transfer of a controlled substance.' Id. Sec. 802(8).
 
 
 6
 United States v. Mehrmanesh, 682 F.2d 1303, 1306 (9th Cir.1982). To aid and abet a crime, a defendant must associate with the criminal venture, participate in it, and seek by his actions to make it succeed. United States v. Jones, 24 F.3d 1177, 1179 (9th Cir.1994); United States v. Smith, 832 F.2d 1167, 1170 (9th Cir.1987). A " 'high level of activity need not be shown to prove participation.... [T]here must be evidence that the defendant committed an overt act designed to aid in the success of the venture.' " Mehrmanesh, 682 F.2d at 1309 (quoting United States v. Beck, 615 F.2d 441, 449 (7th Cir.1980) (internal quotation omitted)).
 
 
 7
 Here, Felix had arranged to procure heroin from Salvador Gonzales on February 28, 1991. The transaction was to take place in Felix's apartment in Modesto, California, which was equipped with sound and video devices to record his dealings.
 
 
 8
 Before he came to the meeting, Gonzales called Felix and asked him to pick up the defendant, Lizarraga, whom Felix knew, at his apartment in Turlock, California and to bring him to the meeting. Felix complied, and while they waited for Gonzales to arrive, Felix and Lizarraga conversed about cellular phones, trafficking, cocaine and heroin, but neither made any reference to the transaction that was about to occur.
 
 
 9
 Eventually, Gonzales arrived with another man, to whom he introduced Lizarraga. Gonzales and his companion then left to retrieve the heroin. When they failed to return after an hour had passed, Lizarraga asked Felix to take him home. Felix complied, and the transaction took place after he returned to his own apartment.
 
 
 10
 Three weeks later, on March 18, 1991, Felix arranged to buy heroin directly from Lizarraga. Lizarraga arrived at Felix's apartment at the appointed time, accompanied by Gonzales and another man. Felix received three pieces of heroin from Lizarraga in exchange for 20 pounds of lidocaine.
 
 
 11
 Lizarraga argues on appeal that there is insufficient evidence to show that he participated in, or did anything to ensure the success of, the heroin transaction that took place on February 28. We agree. The evidence shows that Gonzales knew Lizarraga and that Lizarraga was welcome at, but not indispensable to, his meeting with Felix. Lizarraga did not arrange the deal or discuss it with Felix, and he was at his apartment in Turlock when the deal actually took place. The only evidence that Lizarraga was criminally implicated in the February 28 transaction was that Gonzales asked Felix to fetch him beforehand. The evidence gives no indication why, and the government offers no theory. That Lizarraga sold heroin to Felix in Gonzales's presence a few weeks later does not significantly reinforce the inference that he aided and abetted the earlier transaction. Faced with this evidence, a rational juror could have concluded that Lizarraga associated with, but not that he participated in or took action to cause the success of, the criminal venture. See Jones, 24 F.3d at 1179; Mehrmanesh, 682 F.2d at 1309.
 
 
 12
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3