94 F.3d 654
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Silvester "Sky" WALKER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Colonel T. HUSTON, Defendant-Appellant.
 Nos. 95-30130, 95-30131.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 7, 1996.*
Decided Aug. 9, 1996.
 
 Before: GOODWIN, BRUNETTI and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 1. Walker claims that his conspiracy conviction was based on insufficient evidence. Once the government has established a conspiracy, it need only prove a "slight connection" between the defendant and the conspiracy to convict him as a knowing participant. See United States v. Mares, 940 F.2d 455, 458 (9th Cir.1991). The government produced testimony, corroborated by phone logs and tapes, of investigating officers and cooperating witnesses, as well as tapes of conversations in which Walker discussed the delivery of drugs. A rational juror could have found the requisite connection.
 
 
 3
 2. The aiding and abetting charge required the government to prove that Walker sought, by his actions, to make the criminal venture succeed. See United States v. Jones, 24 F.3d 1177, 1179 (9th Cir.1994). The government proved that Walker's uncontested convictions were part of an overall criminal venture. These convictions could easily have convinced a rational juror that Walker acted to ensure that the overall venture succeeded.
 
 
 4
 3. Defendants raised two sentencing issues: that they were denied equal protection by the Federal crack-cocaine penalty scheme, and that they were the victims of "sentencing factor manipulation." The equal protection issue is well settled. See United States v. Jackson, 84 F.3d 1154, 1161 (9th Cir.1996). As for the manipulation claim, a sentencing court's decision not to depart downward is unreviewable unless the judge believed he lacked discretion to depart. See United States v. Pinto, 48 F.3d 384, 388 (9th Cir.), cert. denied, 116 S.Ct. 125 (1995). Here, the sentencing judge was aware of, and declined to exercise, his discretion.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3