110 F.3d 70
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nga DANG, aka "Janet" or "Jeanette" Dang, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mary GERTSMA, Defendant-Appellant.
 Nos. 96-10129, 96-10338.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 14, 1997 as to 96-10129.
Submitted March 14, 1997 as to 96-10338.*
Decided March 18, 1997.
 
 Before: GOODWIN, BRUNETTI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I. APPEAL OF DANG
 
 2
 Nga Janet Dang appeals a 46-month custodial sentence imposed following a guilty plea to one count charging conspiracy to distribute cocaine. Pursuant to a plea bargain, two other counts were dismissed. Dang challenges the base offense level and argues that her sentence was illegal. We need not reach the question whether her base offense level was correctly calculated because we dismiss the appeal.
 
 
 3
 Sentencing for conspiracy to distribute cocaine is controlled by Sentencing Guideline § 2D1.4. Dang's written plea agreement included a waiver of the right to appeal any sentence imposed according to the terms of the agreement. The sentence imposed was well within the terms of the plea agreement.
 
 
 4
 " '[A]n express waiver of the right to appeal in a negotiated plea of guilty is valid if knowingly and voluntarily made.' " United States v. DeSantiago-Martinez, 38 F.3d 394, 395 (9th Cir.1992) (quoting United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991)). If a defendant files an appeal in violation of his agreement not to do so, it should be dismissed. United States v. Michlin, 34 F.3d 896, 901 (9th Cir.1994).
 
 
 5
 The sentencing court found that the express waiver of her right to appeal her sentence was knowingly and advisedly made. Dang does not argue that her waiver was not knowing or voluntary.
 
 
 6
 Dang's appeal is dismissed.
 
 II. APPEAL OF GERTSMA
 
 7
 Mary Gertsma attempts to appeal her guideline sentence following a guilty plea to participating in a conspiracy to distribute cocaine. Because of limited participation, she was allowed to plead to a charge of using a telecommunication facility to further the distribution of a controlled substance.
 
 
 8
 The district court based Gertsma's sentence on a total offense level of 20, and criminal history category I. During sentencing, Gertsma asked for a downward departure based on four grounds: (1) extraordinary abuse suffered during her childhood; (2) her lack of youthful guidance; (3) her extraordinary family responsibilities; and (4) aberrant behavior.
 
 
 9
 The court acknowledged that it had discretion to depart downward, but declined to do so.
 
 
 10
 The decision by a district court not to depart downward from the Sentencing Guidelines is not generally reviewable on appeal. United States v. Pinto, 48 F.3d 384, 388 (9th Cir.1995). The one exception is where the district court erroneously believed that it had no discretion to depart downward. United States v. Jones, 24 F.3d 1177, 1179 (9th Cir.1994).
 
 
 11
 Here, the district court received and considered copious material from defense counsel in support of downward departures from the Sentencing Guidelines. In response to questions from counsel, the court affirmed that it had refused to depart downward from the Sentencing Guidelines "based on a review of all the evidence ... [and] in the court's discretion." The court's decision not to depart downward is therefore not reviewable on appeal.
 
 
 12
 Both judgments are AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3