111 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sylvanus O. ELEKWACHI, Defendant-Appellant.
 No. 96-10014.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1996.
Decided April 2, 1997.
 
 Before: FLETCHER, FARRIS and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Sylvanus Elekwachi appeals his jury conviction for a violation of 18 U.S.C. § 472, possession of counterfeit currency. The district court erred in admitting hearsay testimony at trial. However, because this error was harmless, we affirm the conviction. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1292.
 
 BACKGROUND
 
 3
 When Elekwachi arrived at the San Francisco International Airport upon his return to the United States from Lagos, Nigeria, he was detained by customs officials after $8,000 in counterfeit currency was found on his person. During this detainment, customs inspectors interviewed Elekwachi regarding the currency. Elekwachi claimed that he worked as a computer consultant for a Nigerian company called "Master Merchant" and that he was sent to the United States to purchase computer equipment for Master Merchant because equipment is less expensive in the United States. Elekwachi told the investigators that a Master Merchant manager exchanged Nigerian currency into the United States currency that was found in his possession.
 
 I. Polygraph Evidence
 
 4
 Elekwachi argues that the district court erred in precluding evidence that during the investigation at the airport Elekwachi offered to take a polygraph examination. Elekwachi sought to introduce this evidence to rebut the government's claim that he was nervous and uncooperative during the investigation.
 
 
 5
 The district court excluded evidence of Elekwachi's willingness to take a polygraph examination because the court concluded that such evidence would encourage the jury to speculate about what would have been the results of a polygraph examination had one been administered. Because Ninth Circuit precedent strongly disfavors any admission of polygraph evidence, the court ruled that the evidence should be excluded.[1]
 
 
 6
 A district court's decision regarding the admissibility of polygraph evidence is reviewed for abuse of discretion. United States v. Cordoba, 104 F.3d 225 (9th Cir.1997); United States v. Candoli, 870 F.2d 496, 504 (9th Cir.1989). Although admission of polygraph evidence is generally disfavored, United States v. Miller, 874 F.2d 1255, 1261 (9th Cir.1989), polygraph evidence is not per se inadmissible. Miller, 874 F.2d at 1261 ("[P]olygraph evidence might be admissible if it is introduced for a limited purpose that is unrelated to the substantive correctness of the results of the polygraph examination.").
 
 
 7
 Elekwachi contends that because the polygraph evidence was being introduced for a purpose unrelated to the results of a polygraph examination or whether one was ever administered, the district court abused its discretion in refusing to admit this evidence. Because he did not seek to introduce evidence of an actual polygraph examination or its results, Elekwachi argues that there was no reason for the jury to have speculated about the possible results of a polygraph.
 
 
 8
 The district court must weigh the probative value of the evidence against its prejudicial effect. Fed.R.Evid. 403. The fact that the defendant offered to submit to a polygraph had only slight probative value. The district court determined that evidence regarding a polygraph examination would unduly confuse the jury. While it would not have been an abuse of discretion for the district court to have admitted this evidence, it was not an abuse of discretion to exclude it. United States v. Wills, 88 F.3d 704, 714 (9th Cir.) (district court did not err when it prohibited cross-examination regarding the circumstances relating to a scheduled polygraph examination), cert. denied, --- U.S. ----, 117 S.Ct. 499 (1996).
 
 II. Nagvard Letter
 
 9
 Elekwachi argues that a letter found at his house, but not authored by him, is hearsay and should have been excluded. Elekwachi argues that the trial court erred in admitting into evidence this letter ("the Nagvard letter") which was faxed from "Tony Brown" of Nagvard Multi-Ventures Limited and found in Elekwachi's apartment. The letter contains a list of printing equipment that could be used to make counterfeit currency. Elekwachi contends that the Nagvard letter is hearsay, not within any exception. The district court ruled that (1) because the Nagvard letter was not introduced for its truth, it is not hearsay, (2) the letter constitutes an adopted admission under Federal Rule of Evidence 801(d)(2)(B), or (3) it falls within the general exception to the hearsay rule. Because we agree with the district court that, as used at trial, the letter is not hearsay, we need not decide whether it constitutes an adopted admission or falls within the general exception to the hearsay rule.
 
 
 10
 Federal Rule of Evidence 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Whether the district court correctly construed the hearsay rule is a question of law reviewable de novo. United States v. Erickson, 75 F.3d 470, 479 (9th Cir.), cert. denied, --- U.S. ----, 116 S.Ct. 1853 (1996); United States v. Warren, 25 F.3d 890, 895 (9th Cir.1994).
 
 
 11
 The Nagvard letter contains a purchase order for regular printing equipment that could be used for counterfeiting currency. The letter was not offered for the truth of the matter asserted therein, i.e., that a purchase order was made. Instead, the government used the letter as circumstantial evidence that the defendant had knowledge of counterfeiting machinery. At trial, a government witness testified that the equipment listed in the letter was capable of producing the type of counterfeit currency found on Elekwachi. When an out of court statement is being used not for its truth but to prove knowledge, it is not hearsay. United States v. Enriquez-Estrada, 999 F.2d 1355, 1360 (9th Cir.1993) (drug ledger seized from the residence where defendants were apprehended was properly admitted not for the truth of its statements but to prove "the character and use" of the place where it was found); United States v. Hugues-Ibarra, 954 F.2d 546, 552 (9th Cir.1992) (district court properly admitted drug ledgers not for their truth but to show the type of activities being carried out in the residence); United States v. Castro, 887 F.2d 988, 1000 (9th Cir.1989) (credit records introduced to show information available to one of the defendants at the time of alleged conspiracy to defraud a bank held not to be hearsay because they were not introduced for their truth).
 
 
 12
 The Nagvard letter was admitted to show the defendant's knowledge, not to prove the truth of its contents. Therefore, the district court correctly held that the letter was not hearsay and the defendant's Sixth Amendment confrontation rights were not violated.
 
 III. Government Investigators' Testimony
 
 13
 Finally, Elekwachi argues that the testimony of two government investigators should have been excluded because the investigators lacked personal knowledge of the facts about which they testified and their testimony included inadmissible hearsay. George Anyim and David Manly testified for the government about investigations which they conducted in Nigeria. Anyim investigated the address where Elekwachi claimed to have stayed in Nigeria, the existence of Elekwachi's purported employer Master Merchant and the Nagvard company, and whether Elekwachi deposited money into a Nigerian bank account before he left Nigeria. Manly also investigated the existence of Master Merchant by checking whether a company with that name was listed in the Nigerian yellow pages or was listed in the official register of corporations.
 
 A. Anyim Testimony
 
 14
 During trial, defense counsel objected numerous times to Anyim's testimony because it contained impermissible hearsay. However, the district court overruled these objections. While the court acknowledged that the testimony contained hearsay, the court ruled that under either Federal Rule of Evidence 701, lay opinion testimony, or Federal Rules of Evidence 702-703, expert testimony, the "fact that there may be some hearsay mixed up and within the direct firsthand testimony does not ... bar his testimony." Thus, the court admitted Anyim's testimony about his investigation despite its hearsay content. Elekwachi challenges this ruling on appeal.
 
 1. Lay Opinion Testimony
 
 15
 Federal Rule of Evidence 701 provides that lay opinion testimony is limited to opinions or inferences which are both "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." The admission of lay opinion testimony is reviewed deferentially under an abuse of discretion standard. United States v. Henderson, 68 F.3d 323, 325 (9th Cir.1995); United States v. VonWillie, 59 F.3d 922, 929 (9th Cir.1995); United States v. Meling, 47 F.3d 1546, 1556 (9th Cir.), cert. denied, --- U.S. ----, 116 S.Ct. 130 (1995); United States v. Jones, 24 F.3d 1177, 1179 (9th Cir.1994).
 
 
 16
 The district court conceded that Anyim's testimony was a combination of direct observation and hearsay. The court concluded, however, that an expert or a lay opinion witness "is entitled to rely upon things that otherwise were not admissible, including hearsay." The district court erred in its interpretation of the Federal Rules of Evidence. Only an expert witness is permitted to rely upon hearsay evidence in formulating her opinions. Fed.R.Evid. 703. Testimony of a lay witness must be based upon the witness' own perception. Fed.R.Evid. 701.
 
 
 17
 Although we find that the court's admission of Anyim's hearsay testimony was erroneous, its impact is subject to harmless error analysis. United States v. Lui, 941 F.2d 844, 848 (9th Cir.1991). In addition to the hearsay evidence, Anyim's testimony was based upon personal observation of the location, a permissible basis for lay-testimony, and documentary evidence, which falls into various exceptions of the hearsay rule. The inadmissible hearsay testimony about his discussions with several neighbors added little to Anyim's overall testimony about the results of his investigation. Thus, the error was harmless.
 
 2. Expert Opinion Testimony
 
 18
 In ruling Anyim's testimony admissible, the district court also relied upon the rules regarding expert witnesses. A district court's decision to admit expert opinion testimony is reviewed for abuse of discretion. VonWillie, 59 F.3d at 928-29; United States v. Alonso, 48 F.3d 1536, 1539 (9th Cir.1995).
 
 
 19
 Although the district court raised the possibility that Anyim could testify, even based on hearsay evidence, as an expert investigator witness, the proper foundation was not laid before trial or during the trial to qualify Anyim as an expert in any field. The prosecutor asked Anyim questions about his qualifications to conduct the investigation but neither government nor the district court formally qualified Anyim as an expert before the jury. The court conceded that Anyim is not qualified as, nor could he be qualified as, an expert in determining the existence or non-existence of a Nigerian business. Because the government failed to lay the proper foundation, the district court's ruling that Anyim's hearsay testimony was admissible because he was testifying as an expert under Federal Rule of Evidence 702 and 703 was in error. However, for the reasons stated above, this error was harmless.
 
 B. Manly's Rebuttal Testimony
 
 20
 While the trial was under way, investigator Manly called the telephone number in Nigeria given by Elekwachi in his testimony and spoke with the person who answered the phone in an attempt to verify the truth of Elekwachi's statement on the witness stand that the phone number was that of Master Merchant. During the rebuttal, Manly then testified about the conversation he had with the person who answered the phone. On direct examination, Manly testified that he called the telephone number, that the person who answered the phone told him that the number did not belong to Master Merchant, and that Master Merchant had never existed at the location of the phone. Defense counsel made no objection to this testimony. On cross-examination, defense counsel asked more detailed questions about the telephone conversation and on redirect, Manly testified to numerous hearsay statements made by the person who had answered the telephone. Defense counsel objected to the line of questioning as calling for inadmissible hearsay evidence, but the court allowed the questions. What came out was that the person, who claimed to be an attorney and the proprietor of the bureau de exchange business, said that bureau de exchanges were often used "to run scams," that he believed Elekwachi was involved in criminal behavior, and that he had instructed his employees not to allow Elekwachi's friends and family to use the phone number.
 
 
 21
 The statements repeated by Manly during rebuttal were clearly hearsay in violation of both the Federal Rules of Evidence and the Confrontation Clause. They were out-of-court statements offered for their truth and Elekwachi had no opportunity to confront the witness against him at trial. The statements were highly prejudicial and should not have been admitted under ordinary circumstances.
 
 
 22
 The problem is that on cross-examination defense counsel imprudently asked for detail about the conversation. That invited hearsay which then led to counsel asking similar questions on redirect. The court thought this was fair to allow under the circumstances. We cannot say the district court abused its discretion.
 
 CONCLUSION
 
 23
 We affirm the district court's decisions to admit as evidence a letter received at the defendant's home and to exclude evidence of the defendant's willingness to submit to a polygraph examination. Although hearsay evidence came in on rebuttal, we cannot say the district court abused its discretion. We therefore affirm the conviction.
 
 
 24
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although we recently held that Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) overrules the per se rule excluding unstipulated polygraph evidence, United States v. Cordoba, 104 F.3d 225, 228 (9th Cir.1997), the decision of whether to admit polygraph evidence remains discretionary with the trial court. Id