108 F.3d 339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald "Boo" COLVIN, Defendant-Appellant.
 No. 95-30132.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1997.*
Decided Feb. 13, 1997.
As Amended on Denial of Rehearing and Rehearing En Banc
June 17, 1997.
 
 1
 Before: BROWNING, RYMER, and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 The parties are familiar with the facts and issues and we will not restate them.
 
 I.
 
 4
 There was sufficient evidence to support Colvin's conviction of conspiracy to distribute cocaine and two of the three convictions of aiding and abetting in the distributionof cocaine.
 
 
 5
 A conspiracy conviction under 21 U.S.C. § 846 requires proof of an agreement to accomplish an illegal objective and proof of the requisite intent necessary to commit the underlying substantive offense. United States v. Mesa-Farias, 53 F.3d 258, 260 (9th Cir.1995). Proof of mere association with members of a conspiracy or of mere knowledge of a conspiracy is insufficient to support a conviction. United States v. Melchor-Lopez, 627 F.2d 886, 891 (9th Cir.1980).
 
 
 6
 Here, Colvin did more than merely associate with Walker and Huston. Dollison and Covell testified that Colvin was involved in drug dealing at the time of the alleged conspiracy, and Colvin's collection of the debt owed by Garrison to Huston after Huston was arrested belies Colvin's assertion that any drug dealing on his part was wholly unrelated to that of his co-defendants. Moreover, Colvin's active and intentional participation in the conspiracy was evidenced by his cash payments for the cellular phone services used by Colvin and his co-defendants under the name "Louis Duffy, Jr."
 
 
 7
 A conviction of aiding and abetting requires proof of association in the criminal venture, participation, and seeking by one's actions to make the venture succeed. United States v. Jones, 24 F.3d 1177, 1179 (9th Cir.1994). Much of the evidence of conspiracy also the jury's findings of aiding and abetting. Considered as a whole, there is sufficient evidence to support two of the three convictions of aiding and abetting because in addition to the conspiracy evidence, individual facts tie Colvin to two of the three transactions with which he was charged. In the April 30 transaction between Walker and Meek, Colvin told Meek that Walker would "be out in a minute" because "he was in another car." Given the conspiracy evidence, this was hardly an innocuous statement by an innocent bystander; it was a reassurance to a "customer" known to be seeking drugs that he would be served soon. Likewise, in the September 23 transaction, Colvin responded to Dollison's request for Huston by calling out Huston's name over the microphone and watching Dollison go out to meet him.
 
 
 8
 The evidence of Colvin's involvement in the October 27 transaction is weak. We overturn Colvin's conviction on the aiding and abetting count relating to that transaction because the Government failed to prove that the $11,000 seized from Huston was obtained by selling drugs. We nevertheless affirm Colvin's sentence because his base offense level remains unchanged.***
 
 II.
 
 9
 We decline to review Colvin's claim of ineffective assistance of counsel. While we may consider such a claim on direct appeal if the record is sufficiently complete, the customary procedure is to make a collateral attack under 28 U.S.C. § 2255, thereby allowing the development of facts outside the original record. United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991); United States v. Birges, 723 F.2d 666, 670 (9th Cir.1984).
 
 
 10
 In this case, collateral attack is more appropriate because the record does not reflect Powell's rationale for not moving for severance. Powell's discussions with co-defendants' counsel and with Colvin himself shortly after being assigned to the case are likely to shed valuable light on the decision to proceed with a joint trial.
 
 III.
 
 11
 We reject Colvin's equal protection challenge to the Sentencing Guidelines. We adhere to the reasoning and conclusions of United States v. Jackson, where we rejected precisely the same issue and the same arguments. 84 F.3d 1154, 1161 & n. 10 (9th Cir.1996).
 
 IV.
 
 12
 We lack jurisdiction to review the district court's two-level discretionary downward departure for sentencing entrapment. See United States v. Vizcarra-Angulo, 904 F.2d 22, 23 (9th Cir.1990). United States v. Staufer, 38 F.3d 1103 (9th Cir.1994) provides no support for Colvin's argument that the district court lacked the power to impose a sentence based on sentencing factor manipulation. Staufer simply provides that sentencing entrapment is a permissible basis for downward departure. Id. at 1108. Here, the district court recognized its authority to depart and exercised its discretion.
 
 
 13
 We affirm Colvin's sentence and remand to the district court with directions to strike the conviction on count 9 and to reduce the special assessment from $200.00 to $150.00.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 **
 * The following was seized from Huston on October 27: 307.4 g crack cocaine; 28.07 g powder cocaine; and $11,207. Using the equivalencies (as found in the presentencing report) that 1 g crack = 20 kg marijuana, 1 g powder cocaine = 200 g marijuana, and $11,207 = 354 g powder cocaine, the total drugs seized is equivalent to 6,224 kg marijuana. Invalidating the October 27 conviction thus reduces the marijuana-equivalent of drugs involved from 9,702 kg to 3,478 kg, which still results in a base offense level of 34. U.S.S.G. § 2D1.1(c)(3)