127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cynthia CYPRIAN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Curtis Guy JACKSON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Dwayne SCOTT, Defendant-Appellant.
 Nos. 96-50575, 96-50577, 96-50585.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1997.**
Decided Oct. 17, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, No. CR-95-00640-JMI-03; James M. Ideman, District Judge, Presiding.
 
 
 2
 Before: O'SCANNLAIN, FERNANDEZ, and THOMAS, Circuit Judges
 
 
 3
 MEMORANDUM*
 
 
 4
 Cynthia Cyprian, Curtis Guy Jackson, and Robert Dwayne Scott appeal the judgments against them for armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d), and use of a firearm in violation of 18 U.S.C. § 924(c). We affirm the convictions and sentences in part, and dismiss in part.
 
 A. Withdrawal of Guilty Plea
 
 5
 Jackson and Scott assert that the district court abused its discretion in denying their motions to withdraw their guilty pleas. Under Federal Rule of Criminal Procedure 32(e), "a defendant may not withdraw his plea unless he shows a 'fair and just reason.' " United States v. Hyde, --- U.S. ----, ---, 117 S.Ct. 1630, 1631, 137 L.Ed.2d 935 (1997). However, a "change of heart" does not warrant withdrawal of the plea under Rule 32(e). United States v. Turner, 898 F.2d 705, 713 (9th Cir.1990); see United States v. Rios-Ortiz, 830 F.2d 1067, 1069 (9th Cir.1987). Neither Jackson nor Scott demonstrated any "fair or just reasons" which would support withdrawal of their guilty pleas. The bases for their requests amounted to mere changes of heart.
 
 B. Reasons for Sentence
 
 6
 Cyprian, Jackson, and Scott all argue that the district court failed to articulate in open court "the reason for imposing a sentence at a particular point within the range" as required by 18 U.S.C. § 3553(c)(1). In Cyprian's case, because the Guideline range was greater than 24 months, the district court was required to explain in open court why it selected the particular sentence from within the applicable range. See 18 U.S.C. § 3553(a); United States v. Price, 51 F.3d 175, 178 (9th Cir.1995); United States v. Upshaw, 918 F.2d 789, 792-93 (9th Cir.1990). However, her failure to raise the issue in the district court waived it. See United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991). Moreover the district court adequately explained its decision, which was based on her circumstances and the circumstances of the offense.[1]
 
 
 7
 The recommended Guideline range for both Jackson and Scott spanned less than 24 months, and, thus, the district court was not required to articulate a reason for sentencing them to the high end of the range. See United States v. Lockard, 910 F.2d 542, 545 (9th Cir.1990); see also United States v. Williams, 891 F.2d 921, 923-24 (D.C.Cir.1989). At any rate, the court made its reasoning sufficiently clear. See Upshaw, 918 F.2d at 792; Lockard, 910 F.2d at 546; see also Williams, 891 F.2d at 924.
 
 D. Minor Participant under USSG § 3B1.2(b)
 
 8
 Jackson argues that the district court abused its discretion in failing to find that he played a minor role in the offense. A defendant is entitled to a two-level reduction as a minor participant if he is "less culpable than most other participants, but [his] role could not be described as minimal." USSG § 3B1.2, comment. (n.3). However, that adjustment is only warranted where the defendant's role makes him "substantially less culpable than the average participant." Id. § 3B1.2, comment. (backg'd.); United States v. Benitez, 34 F.3d 1489, 1498 (9th Cir.1994); accord United States v. Andrus, 925 F.2d 335, 338 (9th Cir.1991). Jackson's activities during the robbery made it obvious that he was not a minor participant by any definition of that term. His contrary argument is a wallydrag.
 
 
 9
 E. Imperfect Duress and Combination of Factors
 
 
 10
 Scott claims that the district court erred in refusing to depart downward based upon imperfect duress. Jackson also argues that the district court erred because it failed to consider a "combination of circumstances," including duress, which justified a downward departure in his case. See USSG §§ 5K2.0, comment., 5K2.12. A district court's discretionary refusal to depart downward on the basis of USSG § 5K2.0 or § 5K2.12 is not reviewable on appeal unless it appears that the court believed it did not have the authority to depart. See United States v. Gardner, 988 F.2d 82, 84-85 (9th Cir.1993); see also United States v. Pinto, 48 F.3d 384, 389 (9th Cir.1995). In Jackson's case, the district court was silent regarding its authority to depart downward, but where the defendant has requested a departure, this court will assume that the district court understood the law and exercised its discretion to refrain from departure. See United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991) (per curiam); United States v. Morales, 898 F.2d 99, 102-03 (9th Cir.1990). In Scott's hearing, the district court made it clear that it understood its authority to depart, but declined to do so. Therefore, the claims are not reviewable.
 
 F. Criminal History Score
 
 11
 Jackson argues that his criminal history score was overstated on the basis of some older, minor offenses. Jackson did not dispute the accuracy of the PSR, but merely asked for the court's leniency because some of the offenses were minor. However, a district court's discretionary refusal to depart downward because a criminal history score over-represents a defendant's criminal history is not reviewable on appeal. See United States v. Ruelas, 106 F.3d 1416, 1420 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 2470, 138 L.Ed.2d 225 (1997); United States v. Jones, 24 F.3d 1177, 1179 (9th Cir.1994). There is no indication that the district court did not understand that it had the discretion to depart. It merely exercised its discretion not to. Accordingly, this court is without jurisdiction to review that decision on appeal.
 
 
 12
 DISMISSED as to the departure decisions; and otherwise AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent that she suggests that her sentence was otherwise improper, we note that her sentences were made concurrent, with the exception of portions that are required to be consecutive. See 18 U.S.C. § 924(c); 18 U.S.C. § 3147