142 F.3d 446
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Robert E. BROWN, Defendant-Appellant.
 No. 97-30082.
D.C. No. CR-96-00096-1-FVS.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted April 20, 1998.**
Decided April 24, 1998.
 
 Appeal from the United States District Court for the Eastern District of Washington, Fred L. Van Sickle, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert E. Brown appeals his jury trial conviction and the sentence imposed for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and dismiss in part.
 
 
 3
 Brown first contends that the district court erred by admitting unfairly prejudicial and cumulative evidence regarding Brown's flight to avoid arrest. This contention lacks merit.
 
 
 4
 We review for abuse of discretion the district court's evidentiary rulings under Federal Rule of Evidence 403. See United States v. McInnis, 976 F.2d 1226, 1231 (9th Cir.1992), Here, prior to admission of the challenged evidence, the district court gave adequate consideration to its probative value and prejudicial effect. See United States v. Sangrey, 586 F.2d 1312, 1315 (9th Cir.1978) (rejecting "mechanical recitation" of Rule 403 formula on the record as prerequisite of admissibility). Evidence of Brown's flight was probative of his consciousness of guilt and of his possession of the cocaine, see United States v. Harris, 792 F.2d 866, 869 (9th Cir.1986), and it provided the foundation for the discovery of the cocaine attributed to Brown. See Fed.R.Evid. 401. Even assuming that portions of the challenged evidence were unfairly prejudicial or cumulative, any resulting error was harmless given the remaining evidence demonstrating Brown's guilt.[1] See Fed.R.Crim.P. 52(a); McInnis, 976 F.2d at 1231-32 (noting that even when an abuse of discretion is shown, admission of the evidence must also be shown to constitute more than harmless error).
 
 
 5
 Brown next contends that the district court erred by reserving its ruling on his motion for judgment of acquittal on the conspiracy charge until after the jury returned its verdict. Because Brown did not properly object to the delay, we review for plain error, see Fed.R.Crim.P. 52(b); United States v. Olano, 507 U.S. 725, 731, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), and find none because the district court was entitled to reserve decision on Brown's motion, see Fed.R.Crim.P. 29(b). In any event, Brown suffered no harm from the delayed ruling--his motion was granted and the conspiracy charge dismissed. See Olano, 507 U.S. at 734.
 
 
 6
 We reject Brown's contention that the district court erred by enhancing his sentence for reckless endangerment during flight pursuant to section 3C1.2 of the Sentencing Guidelines. See United States v. Reyes-Osequera, 106 F.3d 1481, 1482-83 (9th Cir.1997) (reviewing for clear error the district court's factual determination that defendant's conduct constituted reckless endangerment). Brown's conduct during the high speed chase amply supports the two-level enhancement. See U.S.S.G. § 3C1.2 (1995); Reyes-Osequera, 106 F.3d at 1483-84; United States v. Luna, 21 F.3d 874, 885 (9th Cir.1994).
 
 
 7
 Finally, Brown challenges the district court's refusal to grant a discretionary downward departure under the Sentencing Guidelines based either on his age, his upbringing, or a combination of those factors. Because the district court recognized that it had the discretion to depart, but elected not to, we have no jurisdiction over this portion of Brown's appeal. See United States v. Jones, 24 F.3d 1177, 1179 (9th Cir.1994).
 
 
 8
 AFFIRMED in part; DISMISSED in part.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Brown "does not dispute that some evidence concerning his attempts to flee" was properly admitted